Paul MARTIN and Verla Martin,
Appellants,

v.

REYNOLDS METALS COMPANY,
Appellee.

No. 19219.

United States Court of Appeals
Ninth Circuit.

Sept. 24, 1964.

Rehearing Denied Oct. 26, 1964.

Nels Peterson, Peterson, Lent & Paulson, Portland, Or., Belli, Ashe & Gerry, San Francisco, Cal., for appellants.

Fredric A. Yerke, Jr., Harvey C. Barragar, King, Miller, Anderson, Nash & Yerke, Portland, Or., Gustav B. Margraf, W. Tobin Lennon, Richmond, Va., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

This is an appeal from an interlocutory injunction, now in effect, obtained by Reynolds Metals Company against Paul Martin and Verla Martin, his wife, requiring them to remove a sign, containing false and defamatory statements, located upon their property, which sign is damaging to the company's business.[1]

Appellant's opening brief does not contain a specification of errors, as required by our Rule 18, subd. 2(d).[2] Nevertheless, one of appellant's attorneys signed a certificate attached to the opening brief, as required by our Rule 18, subd. 2(g), certifying that in connection with the preparation of the brief he had examined our Rules 18 and 19 "and that, in my opinion, the foregoing brief is in full compliance with those rules."

In its answering brief, appellee called attention to the lack of a specification of errors and asserted that the appeal therefore presented nothing for review and should be dismissed.[3] Notwithstanding this notice of the deficiency in the opening brief, appellant made no effort to correct the matter in the reply brief, or by a supplemental brief, or otherwise. Nor did appellant even comment upon appellee's suggestion that, because of the absence of specifications of error, the appeal should be dismissed.

We are hesitant to penalize a litigant, by declining to consider an appeal on the merits, because of the failure of his attorney to comply with the rules of this court. But the failure to set out in the opening brief, or at all, specifications of error providing the information specified in Rule 18, subd. 2(d), not only works a hardship on this court but is unfair to the appellee. The initial deficiency in this case is completely inexcusable in view of the certificate that counsel had read Rule 18 in connection with the preparation of his brief. The failure to take corrective action after the matter was called to counsel's attention in the answering brief is inexplicable.

We might neverthless, in the exercise of our discretion, undertake a review on the merits if we had a strong feeling that a substantial injustice or hardship would otherwise be worked upon appellant. But in view of the fact that the sign has already been removed and that the injunction is interlocutory, pending final disposition of a case in which both sides are seeking injunctive and monetary relief, we do not have that feeling about the case.

By reason of the absence of specifications of error the appeal presents nothing for review.

The appeal accordingly is dismissed.

[1.] Paul Martin died after the appeal was taken and Mrs. Martin, as sole owner of the real property in question, is now the only appellant.

[2.] Nor does the opening brief, or appellant's reply brief, contain a jurisdictional statement or an appendix listing exhibits, as required by our Rule 18, subd. 2(b) and (f).

[3.] In its answering brief, appellee also called attention to the absence of a jurisdictional statement in the opening brief.