Bruce Dickerson STEVENS, Plaintiff-Appellant,

v.

SECURITY PACIFIC NATIONAL BANK et al., Defendants-Appellees.

Bruce Dickerson STEVENS, Plaintiff-Appellant,

v.

KINDEL & ANDERSON et al., Defendants-Appellees.

Nos. 74–3467, 74–3466.

United States Court of Appeals, Ninth Circuit.

July 9, 1976.

Bruce Dickerson Stevens in pro. per.

Paul R. Hejmanowski (argued), of Lionel, Sawyer, Collins & Wartman, Las Vegas, Nev., for defendants-appellees.

## ORDER DISMISSING APPEAL

Before TRASK and KENNEDY, Circuit Judges, and CONTI,* District Judge.

In January 1972 Stevens, appearing in propria persona, filed a complaint in the District of Nevada, alleging a conspiracy to annul his marriage to T. Marie Dunbar Chilton and deny his claims to her estate. Named as defendants were various judges, lawyers, witnesses, and others connected with conservatorship and probate proceedings which occurred in the California state courts. *See In re Chilton,* 8 Cal.App.3d 34, 86 Cal.Rptr. 860 (1970). The only defendant served outside of California was Delwin Potter, the Nevada justice of the peace who allegedly performed the marriage in question. Stevens sought $50 million in general damages and $50 million in punitive damages.

In February 1972 Stevens filed a complaint against some of the above defendants, regarding the allegedly defamatory remarks of one of the attorneys. In this action he sought $25 million in general damages and $25 million in punitive damages.

Diversity of citizenship was alleged as the basis for jurisdiction in both suits. The defendants filed various motions to dismiss the action or alternatively to quash service of process, under Fed.R.Civ.P. 12(b)(1), (2), (3) and (5). In May 1974, the district court filed a single order in both cases, dismissing the action against Delwin Potter for want of diversity and quashing service of process on all defendants in California. Stevens appeals from this order.

 The order quashing service of process is not a final order in the sense of terminating the action below, and thus it is not normally reviewable in this court under 28 U.S.C. § 1291. Moreover, the requirements of Fed.R.Civ.P. 58 have not been met. *Cf. United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). And, while the order dismissing the action as to Delwin Potter would generally be regarded as final, the requirements of Fed.R.Civ.P. 54(b) have not been complied with. Finally, this order is not subject to

* Honorable Samuel Conti, United States District Judge for the District of Northern California, sitting by designation.

interlocutory appeal under *id.* § 1292(a); nor have the procedural requirements of *id.* § 1292(b) been met.

■ Thus we are faced with a difficult question concerning our jurisdiction to hear the appeal. In a small class of cases, orders are regarded as "final" for purposes of 28 U.S.C. § 1291 based on their practical effect, even though they are not in the form of final judgments. This "collateral order" rule was formulated in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170–72, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Hartland v. Alaska Airlines*, No. 72–2531 (9th Cir., Apr. 2, 1976), slip op. at 13–15. Orders falling within this class are probably reviewable despite failure to comply with Rule 58. *See* 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3912, at 506–07 (1976).

■ However, we do not believe the order quashing service is effectively final so as to allow review under this narrow exception. The underlying issue of *in personam* jurisdiction has not been finally resolved by the district court, as it would have been had the court granted the motion to dismiss under Rule 12(b)(2). The choice between dismissal and quashing service of process is in the district court's discretion. *See* 5 Wright & Miller, *supra*, § 1354. "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen v. Beneficial Loan Corp., supra*, 337 U.S. at 546, 69 S.Ct. at 1225. *Cf. Jones v. Pitchess*, 469 F.2d 678, 679 (9th Cir. 1972) (dismissal of complaint not a final order).

■ Moreover, the appellant has filed briefs in this court which fail to comply with Fed.R.App.P. 28(a)(1), (2), & (3). This ground alone would justify dismissal of the appeal. *See Harrelson v. Lewis*, 418 F.2d 246 (4th Cir. 1969); *cf. Martin v. Reynolds Metals Co.*, 336 F.2d 876 (9th Cir. 1964) (former 9th Cir. Rule 18).

Accordingly, the appeal is dismissed.