David MITCHEL, Plaintiff-Appellant,

v.

GENERAL ELECTRIC COMPANY, Joe Morgan, Defendants-Appellees.

No. 81–4558.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 12, 1982.

Submitted Aug. 31, 1982.

Decided Oct. 7, 1982.

---

John C. Willbrand, Concord, Cal., for plaintiff-appellant.

Rita L. Giles, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendants-appellees.

Before KASHIWA,* ANDERSON and FARRIS, Circuit Judges.

PER CURIAM:

Mitchel filed this Title VII action against his employer, General Electric, and his supervisor, Joe Morgan, alleging employment discrimination on the basis of race. The complaint contains numerous allegations;

however, this appeal is based essentially on the claim that Mitchel, a black, was passed over for promotion in favor of white employees with less seniority.

After thirteen months of discovery, defendants filed a motion for summary judgment which rebutted Mitchel's allegations with specific facts and presented detailed evidence in support of their defense that other employees were better qualified than Mitchel for the promotions. Defendants also presented evidence that Mitchel had a substantial record of discipline, attitude, and attendance problems.

Mitchel's response to defendants' summary judgment motion contained more allegations, none of which referred for support to affidavits or discovery documents. The trial judge granted defendants' motion for summary judgment, ruling that Mitchel had failed to establish a prima facie case of employment discrimination under the standard enunciated in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 215 (1981). Mitchel appeals, contending that triable facts were present which, if proven, would have established a prima facie case.

Mitchel's brief on appeal follows the same pattern as his memoranda to the court below. It contains allegation after allegation, all of which are unsubstantiated by sworn affidavits or references to discovery documents. In a fourteen-page brief, Mitchel refers to the record below a single time, and that reference is to notify us of the facts upon which he *is not* relying. Rather than specific references to the record, Mitchel informs us that "[t]he depositions of [all witnesses deposed] ... are filled with instances in which Mr. Mitchel was treated differently than non-minorities." Brief for Appellant at 10. We are left to ferret out of ten days of deposition testimony the facts upon which Mitchel relies. We decline to do so.

* The Honorable Shiro Kashiwa, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

Rule 28(a)(3), Fed.R.App.P., requires that "[t]he brief of the appellant shall contain . . . a statement of the facts relevant to the issues presented for review, *with appropriate references to the record.*" Emphasis added. Mitchel has exhibited complete disregard for the requirements of Rule 28(a)(3). This is inexcusable in view of our instruction to Mitchel's counsel at oral argument concerning the requirements of our appellate rules and the accepted techniques of appellate practice. We deferred submission of the case to give Mitchel's counsel an opportunity to file a list of citations to the record in support of the numerous assertions of fact. What we received was exactly that—a list—of over 100 unannotated references to some 250 pages of deposition testimony, none of which referred back to any particular assertion of fact in Mitchel's brief. It is impossible to discern which of the citations are meant to support Mitchel's various assertions; many appear to have no relevance to anything at all.

The brief and list of citations are of little use to us. The basis of Mitchel's appeal is that he raised genuine issues of fact in the district court as to defendants' discrimination, yet he fails to reveal at what points in the record those alleged facts appear. Mitchel's failure to refer to the record works a hardship not only on this court, but also on the opposing litigants. We should not expect a party to expend large amounts of time and money sifting through the trial record in search of support for an opposing party's allegations.

This appeal is dismissed for failure to comply with Fed.R.App.P. 28(a)(3) and (e), Ninth Circuit Rule 13(b), and the order of this court entered August 13, 1982. *See Stevens v. Security Pacific National Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976); *Martin v. Reynolds Metals Co.,* 336 F.2d 876, 877 (9th Cir. 1964) (dismissal under former Ninth Circuit Rule 18); *Thys Co. v. Anglo California National Bank,* 219 F.2d 131, 133 (9th Cir.) (dismissal under former Ninth Circuit Rule 18), *cert. denied,* 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272 (1955). We acknowledge the apparent harshness to Mit-chel of our refusal to consider the merits of this appeal because his counsel failed to comply with the rules. On the merits, however, we note that Mitchel's unsubstantiated and conclusory allegations would be insufficient to oppose defendants' evidentiary showing under Fed.R.Civ.P. 56(e). *See Mas Marques v. Digital Equipment Corp.,* 637 F.2d 24, 27 (1st Cir. 1980) (conclusory allegations in opposition to summary judgment which are "unsworn and unsupported by affidavits" failed to comply with the Rule 56(e) requirement that plaintiff "set forth specific facts;" summary judgment affirmed); *Downes v. Beach,* 587 F.2d 469, 472 (10th Cir. 1978) (summary judgment affirmed in employment action where plaintiff claimed disputed issues of fact were contained in previous trial record but "did not draw the court's attention to the particular testimony or portions of the record that support her contention."); *British Airways Board v. Boeing Co.,* 585 F.2d 946, 951–52 (9th Cir. 1978) ("legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists."), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).

Appeal DISMISSED.