210 F.3d 1038 (9th Cir. 2000)
 HAN GIOK HAN,Plaintiff-Appellant,
v.
STANFORD UNIVERSITY; STANFORD UNIVERSITY DINING SERVICES, a California business organization;MELANIE JONES-CARTER; ANDRE MALLIE; SUSAN PELETTA; MICHAEL LAUX; ROWEEN NACIONALIS, in their individual capacities, and as agents/employees of Stanford University,Defendants-Appellees.
 No. 99-15218
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted April 12, 2000[1]
Filed May 1, 2000
 
 COUNSEL: Rene C. Fernando, San Jose, California, for the plaintiffappellant.
 Diane R. Crowley, Gordon & Rees, San Francisco, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; William A. Ingram, District Judge, Presiding. D.C. No.CV-96-20860-WAI
 Before: A. Wallace Tashima, and Susan P. Graber, Circuit Judges, and Alicemarie H. Stotler,[2] District Judge.
 GRABER, Circuit Judge:
 
 
 1
 In 1980, defendant Stanford University hired plaintiff Han Giok Han as a cook in a Food Service Worker (FSW) Level I position. In 1981, Plaintiff was promoted to FSW II and, by 1983, he held a position as an FSW IV. In 1990, Plaintiff applied unsuccessfully for a vacant FSW V position. After pursuing appropriate administrative remedies, Plaintiff filed an action alleging age and race discrimination, which he later dismissed.
 
 
 2
 In 1992, Plaintiff again applied unsuccessfully for an FSW V position. After filing a grievance with his union and a charge with the EEOC, Plaintiff brought the present action against Stanford University, its dining services, and five individuals, in state court. Plaintiff alleged various claims for breach of contract, tort claims, and a claim of discrimination based on age, race, color, and national origin. The discrimination claim was grounded only on California's Fair Employment and Housing Act (FEHA).
 
 
 3
 Defendants removed the case to federal court on the ground that the Labor Management Relations Act preempted Plaintiff's contract claims. Thereafter the district court granted summary judgment to Defendants. Plaintiff brought a timely appeal, arguing only that the district court erred in dismissing his FEHA claim against Stanford University.
 
 
 4
 Defendant argues that we should dismiss the appeal because of Plaintiff's failure to comply with Federal Rule of Appellate Procedure 28(a)(7)[3] and Ninth Circuit Rule 28-2.8.[4] We agree. This case bears a striking resemblance to Mitchel v. General Electric Co., 689 F.2d 877 (9th Cir. 1982). There, an employer obtained summary judgment in a Title VII case on the ground that the employee, Mitchel, had failed to establish a prima facie case of discrimination. See id. at 878. On appeal, Mitchel filed a brief that "contain[ed ] allegation after allegation, all of which [were] unsubstantiated" by appropriate references to the record. Id. This court dismissed Mitchel's appeal for failure to comply with appellate rules that require a brief to cite those portions of the record that support his factual allegations:
 
 
 5
 The basis of Mitchel's appeal is that he raised genu ine issues of fact in the district court as to [his employer's] discrimination, yet he fails to reveal at what points in the record those alleged facts appear. Mitchel's failure to refer to the record works a hard ship not only on this court, but also on the opposing litigants. We should not expect a party to expend large amounts of time and money sifting through the trial record in search of support for an opposing party's allegations.
 
 
 6
 Id. at 879.
 
 
 7
 In that case, in his "fourteen-page brief, Mitchel refer[red] to the record below a single time. " Id. at 878. Here, in his fifteen-page brief, Plaintiff makes no reference whatsoever to the record below. There, rather than making specific references to the record, Mitchel simply told the court "that `[t]he depositions of [all witnesses deposed] . . . are filled with instances in which Mr. Mitchel was treated differently than non-minorities.' " Id. Here, Plaintiff similarly makes general factual assertions without citing the record for support. For example, he argues: "Several deponents in this case, including a named defendant, have testified that although they worked for Stanford for more than a decade, they could recall no instance in which a person over 45 or 50 years of age was promoted." Plaintiff also provides no citation to the record to support his claim that "documentary evidence shows that Stanford maintains an elaborate system of racial statistics, with various races assigned specific numbers."
 
 
 8
 In Mitchel, the court informed counsel of the requirements of the appellate rules and gave him an opportunity to cure the defects, but he did not. See id. at 879. Here, the appellees' brief cited Mitchel and requested dismissal of the appeal, yet Plaintiff did not take the opportunity to file a reply brief that could have cured the defects. Cf. N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) (dismissing an appeal where the defendant pointed out substantial defects in the plaintiff's opening brief and the plaintiff did not address those defects in response, instead filing a reply brief containing additional defects).
 
 
 9
 We dismiss the appeal because Plaintiff "has exhibited complete disregard or the requirements" of the appellate rules respecting citations to the record. Mitchel, 689 F.2d at 879; see also Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976) ("Moreover, the appellant has filed briefs in this court which fail to comply with Fed. R. App. P. 28(a)(1), (2), & (3).[5] This ground alone would justify dismissal of the appeal."). We reiterate our expectation that counsel make a good-faith attempt to comply with the rules of appellate procedure. Plaintiff's counsel failed to follow those rules and, although he was put on notice that his brief was noncompliant, he made no attempt to correct the glaring deficiencies in the brief.
 
 
 10
 APPEAL DISMISSED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
 
 
 [2]
 The Honorable Alicemarie H. Stotler, United States District Judge for the Central District of California, sitting by designation.
 
 
 [3]
 Fed. R. App. P. 28(a)(7) provides that the appellant's brief must contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record."
 
 
 [4]
 Ninth Cir. R. 28-2.8 provides that "[e]very assertion in briefs regarding matters in the record shall be supported by a reference to the location, if any, in the excerpts of record where the matter is to be found."
 
 
 [5]
 5 Former Fed. R. App. P. 28(a)(3) is now found at Fed. R. App. P. 28(a)(7).