**Aurelio PENA–TORRES, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72680.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 4, 2004.

Submitted April 25, 2005.

Decided April 25, 2005.

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James E. Grimes, Esq., Mark C. Walters, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM[**]

Aurelio Pena–Torres petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its dismissal of his appeal. We grant his petition for review in part, reverse the BIA's decision concerning his application

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for asylum, and remand for the Attorney General to exercise his discretion in determining whether to grant Pena–Torres asylum.

### Preliminary Matters

1. *Scope of review:* Where the BIA's denial of a motion to reconsider "adopt[s] the underlying reasoning and holding of its prior opinion," this court, on a petition for review from denial of the reconsideration motion, reviews the underlying opinion. *Ma v. Ashcroft,* 361 F.3d 553, 557 (9th Cir.2004). Here, in denying Pena–Torres's motion to reconsider, the BIA referenced the conclusion of its previous order regarding the IJ's decision and then continued: *"Upon reconsideration,* we *again* find no error by the Immigration Judge in denying [Pena–Torres's] application for relief"* (emphasis added). Because the BIA, "upon reconsideration," decided anew the issue it had previously considered, we examine the merits of the original IJ decision. Pena–Torres has asked us to review these merits and therefore has not waived review.

2. *Adequacy of brief:* We decline to dismiss Pena–Torres's petition for review because his opening brief fails to conform to the requirements of FED. R.APP. P. 28(a). This court has applied Rule 28(a) to dismiss appeals only where there are violations of the procedural rules both numerous and egregious. *See, e.g., In re O'Brien,* 312 F.3d 1135, 1136–37 (9th Cir. 2002). Additionally, in cases enforcing Rule 28(a) by dismissing the appeal, this court ordinarily finds counsel's conduct particularly blameworthy. *See Han v. Stanford Univ.,* 210 F.3d 1038, 1040 (9th Cir.2000)

(court informed counsel of problems but counsel failed to cure the defects in the brief); *N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir.1997) (appellant "did not even deign to respond" when put on notice of failures by opposing counsel); *Mitchel v. Gen. Elec. Co.,* 689 F.2d 877, 878–79 (9th Cir.1982) (appellant's brief followed pattern of previous memoranda and was "of little use" to the court). Applying these considerations, dismissal of this petition for review under Rule 28(a) is not warranted.

### THE MERITS

"We review the BIA's factual findings under the deferential 'substantial evidence' standard. This court reviews questions of law regarding the INA under the less deferential de novo standard." *Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995) (internal citations omitted).

### A. Asylum

1. To qualify for asylum, Pena–Torres must prove that he is unable or unwilling to return to Mexico "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We recently clarified that "alien homosexuals" constitute a "particular social group" for the purpose of determining asylum eligibility. *Karouni v. Gonzales,* 399 F.3d 1163, 1172 (9th Cir. 2005). Accordingly, the BIA erred by affirming the IJ's finding that "homosexual males in Mexico," a group to which Pena–Torres indisputably belonged, do not comprise a "particular social group." [1]

1. Pena–Torres argued alternatively that "homosexual males who are HIV-positive in Mexico" also constitute a "particular social group." Pena–Torres, however, did not become HIV-positive until after he left Mexico.

He thus could not have suffered past persecution on account of membership in any social group defined by HIV-positive status. We therefore do not decide whether "homosexual

2. The IJ concluded that the 1994 incident in which Pena–Torres was beaten by the police and threatened after leaving a gay bar, requiring medical treatment, "seemed to be more a case of police brutality rather than persecution of a homosexual." The IJ's suggestion that the beating was not "on account of" Pena–Torres's status as a homosexual is unsupported by any reasonable interpretation of the record. The Mexican police approached Pena–Torres as they saw him leaving a gay bar. They detained him only *after* they asked if he was gay. Targeting on account of homosexuality is consistent with the State Department's Profile, relied on by the IJ, which notes that "violence against homosexuals is not uncommon, *especially in establishments or areas frequented by gays*" (emphasis added). The record thus compels the determination that the Mexican police beat Pena–Torres on account of his homosexuality. *See Rios v. Ashcroft,* 287 F.3d 895, 900 (9th Cir.2002) ("[W]e have held persecution to be on account of political opinion where there appears to be no other logical reason for the persecution at issue.").

The 1994 violent beating, requiring hospitalization, constitutes past persecution. Generally, this circuit follows the "consistent practice of finding persecution where the petitioner was physically harmed." *Chand v. INS,* 222 F.3d 1066, 1075 (9th Cir.2000); *compare Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that there was no persecution where the assailants appeared to be civilians, the attack did not require medical treatment, and there was no evidence of a continuing interest by the government), *with Chanchavac v. INS,* 207 F.3d 584, 590 n. 5 (9th Cir.2000) (distinguishing *Prasad* on the

basis that petitioner in *Chanchavac* was attacked by military soldiers, required medical treatment, and the government retained a continuing interest in him). Pena–Torres was stopped by assailants who appeared to be Mexican policemen; his injury was so severe that he was knocked unconscious and required medical treatment at a hospital; and the Mexican police indicated a continuing interest in him by threatening that they knew where he lived and would harm his family should he report them. Under our precedents, the 1994 incident compels the conclusion that Pena–Torres suffered past persecution.

3. Because he established past persecution, Pena–Torres is entitled to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The presumption raised by past persecution can be rebutted *only* if the government shows, by a preponderance of evidence, either that (1) there has been a fundamental change in circumstances such that an applicant no longer has a well-founded fear of persecution or (2) the applicant could avoid future persecution by relocating to another part of the country. *See id.* The IJ maintained that "any presumption is rebutted by the applicant's testimony and the report on current country conditions in Mexico," because (1) the applicant took several trips *after* the incident and each time returned to Mexico; (2) the country conditions report indicates that "there is no systematic official persecution of homosexuals"; and (3) relocation is possible. As the government does not argue here in support of the IJ's finding regarding the country conditions in Mexico, we consider only the other two reasons relied on by the IJ.[2]

males who are HIV-positive in Mexico" constitute a particular social group.

2. As the IJ noted but failed to appreciate, the State Department report confirms that there remains "violence against homosexuals especially in establishments frequented by gays."

### a. *Relocation Determination*

The government argues that Pena–Torres waived review of the IJ's relocation conclusion, because he did not challenge that conclusion before the BIA. We disagree. In his brief before the BIA, Pena–Torres noted that "he has a well-founded fear of persecution should he be returned to Mexico" *because* the "situation in Mexico" involved *"country wide* persecution" and that "crimes against homosexuals are being committed *all over the country"* (emphasis added). He also asserted that if he were forced to return, the police or people the police should control "could again beat, rape, torture and/or kill him." As these statements demonstrate, Pena–Torres preserved for our consideration the question whether he could avoid persecution by relocating.

■ The IJ's findings on the relocation question are insufficient to rebut the presumption of a well-founded fear of future persecution. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–70 (9th Cir.2003). The IJ stated only that Mexico is a "vast country." The violence against homosexuals documented in the country reports, however, is not limited to any particular areas. Additionally, the fact that Pena–Torres's past persecution was at the hands of government authorities raises the presumption that, consistent with the statements in his brief, "the threat exists nationwide" and "internal relocation is unreasonable." *See id.* at 1070; *see also* 8 C.F.R. § 1208.13(b)(3)(ii). The BIA erred in affirming the IJ's conclusion on the relocation issue.

### b. *"Return Trips" Determination*

■ The IJ also found that Pena–Torres's return trips to Mexico rebut the presumption of a well-founded fear of perse-cution. In support of this conclusion, the government argues that the trips constitute a fundamental change in circumstances sufficient to rebut the presumption.

Under this circuit's case law, return trips are *a* factor that, with others, can contribute to the rebuttal of the presumption raised by past persecution. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000) (determining that substantial evidence supported the conclusion that there was no reasonable fear of future persecution where there were three return trips, a fifteen-year gap between past persecution and the asylum request, no "evidentiary nexus between the spouse's persecution and the petitioner's fear," and two favorable changes in government); *see also Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001) (affirming denial of withholding application in religious persecution case in which petitioner made two return trips, State Department report indicated that only 145 members of a community of over 3.5 million were awaiting trial under blasphemy law, and no member of petitioner's family had ever been "charged, arrested, or physically harmed based on their Ahmadi faith"). While the existence of return trips has been one of several factors in other cases of this circuit, this circuit has never held that the existence of return trips alone rebuts an applicant's presumption.

The additional factors relied on in *Hakeem* and *Belayneh,* are not present here. For example, no comparison with family members remaining in Mexico is pertinent, as the basis for the persecution of Pena–Torres, homosexuality, is not shared by his family. Also, the State Department report relied on by the IJ explains that there is still "violence against homosexuals espe-

*See Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998).

cially in establishments frequented by gays."

The IJ's ruling that the presumption was rebutted was based not on the return trips alone, but on the "applicant's testimony [regarding return trips] *and* the report on current country conditions in Mexico" (emphasis added). The latter consideration is unsupported. No reasonable factfinder could conclude in the face of his past persecution, and the State Department reports corroborating violence against homosexuals, that the mere fact that Pena–Torres returned to Mexico several times so demonstrates a "fundamental change in circumstances" that he no longer has even a ten percent chance of future persecution on account of his homosexuality. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (noting that "even a ten percent chance of percent chance of persecution may establish a well-founded fear."). We hold that the IJ erred in finding that the government rebutted Pena–Torres's presumption of a well-founded fear of future persecution.

### B. Withholding of Removal

The showing that Pena–Torres demonstrated past persecution raises a presumption that he is entitled to withholding of removal. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1079 (9th Cir.2003) (as amended). The regulation regarding rebuttal of the presumption raised by past persecution for determining withholding relief imposes the same standards for rebuttal of the presumption as does the similar regulation in the asylum context. *See* 8 C.F.R. § 1208.16(b)(1)(i) (recognizing that presumption raised by past persecution may be rebutted only by showing by a preponderance of the evidence of a funda-

mental change in circumstances or relocation). However, under the more stringent standard for withholding of removal, *see Hakeem*, 273 F.3d at 816, the return trips are sufficient evidence, given our deferential standard of review, to uphold the IJ's finding that the presumption of a well-founded fear of future persecution was rebutted.

\* \* \* \* \* \*

The petition for review is GRANTED IN PART; DENIED IN PART; and the case is REMANDED for the Attorney General to exercise his discretion in determining whether to grant Pena–Torres asylum. 8 U.S.C. § 1158(b)(1). Petition GRANTED IN PART; DENIED IN PART; AND REMANDED.