MEMORANDUM *
Societe Civile (“Societe”) appeals (1) the jury’s verdict in favor of Jean-Emmanuel Renoir (“Renoir”) on his false advertising claim under the Lanham Act; (2) the district court’s award of equitable relief to Renoir on his Lanham Act claim against Societe; (3) the district court’s award of attorneys’ fees arising from Societe’s false advertising claim under the Lanham Act against Beseder, Inc., Dror Darel, Tracey Penwell, and CSTPGU LLC (collectively “Beseder”) and Renoir (collectively “Defendants”); (4) the district court’s award of attorneys’ fees related to discovery sanctions against Societe; and (5) the district court’s denial of prejudgment interest on Societe’s copyright infringement claim. Renoir appeals the jury’s finding of willful copyright infringement. We affirm the jury’s verdict and all district court rulings.
Renoir and Beseder also appeal the district court’s grant of summary judgment in favor of Societe on its copyright infringement claim. This is discussed in an accompanying published opinion.
1. Jury Verdict in Favor of Renoir on his Lanham Act Claim
A jury’s verdict is reviewed for substantial evidence. Watec Co., Ltd. v. Liu, 403 F.3d 645, 651 n. 5 (9th Cir.2005).
To prevail on his claim for false advertising under Lanham Act § 43(a), 15 U.S.C. § 1125(a), Renoir had to prove that Societe made a false statement in a commercial advertisement about its own or another’s product. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir.1997). There is substantial evidence, including an advertisement for an exhibition of the Guiño reproductions and testimony from Societe members regarding the promotion of the Guiño reproductions at the exhibition, to support the jury’s finding that Societe falsely advertised about its own or another’s product. Societe waived several arguments on other elements of Renoir’s false advertising claim and the lost profits award by presenting them on appeal for the first time. See Manta v. Chertoff, 518 F.3d 1134, 1144 (9th Cir.2008); Crawford v. Lungren, 96 F.3d 380, 389 n. 6 (9th Cir.1996).
2. Award of Equitable Relief on Renoir’s Lanham Act Claim
The district court’s choice of equitable relief is reviewed for an abuse of discretion. Labor/Cmty. Strategy Ctr. v. Los Angeles County Metro. Transp. Auth., 263 F.3d 1041, 1048 (9th Cir.2001).
To prevent the Guiño reproductions from being held out to the public as original works (as Societe had done), the district court properly fashioned an injunction that required these works to be labeled as “unauthentic and/or unauthorized duplicates of original Renoir-Guino works.” Notably, the district court limited the scope of relief Renoir requested by permitting the sale of these works as long as they were correctly labeled, an injunction that Societe described as “proper.” Despite Societe’s argument, there was evidence that Societe had some interest in the Guiño reproductions. And Societe’s argument that Renoir’s infringing conduct should preclude the equitable relief is unconvincing because the false advertising and copyright claims are distinct. See Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1313 (9th *338 Cir.1997). The district court did not abuse its discretion in awarding this equitable relief.
3. Award of Attorneys’ Fees Related To Societe’s Lanham Act Claims
“The court in exceptional [trademark] cases may.award reasonable attorney fees to the prevailing party.” 15 U.S.C. § 1117(a). “This requirement is met when the ease is either ‘groundless, unreasonable, vexatious, or pursued in bad faith.’ ” Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir.2002) (internal quotations and citation omitted). The interpretation of what constitutes an “exceptional case” for the award of attorneys’ fees in a Lanham Act claim is a question of law and is reviewed de novo. Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir.2003). “Where a trademark case is exceptional, wé review a district court’s decision to award attorney’s fees for an abuse of discretion.” Id.
Societe never tried to prove its Lanham Act claims against Renoir or Beseder yet waited until trial to abandon them. It presented no evidence of confusion or damages, basic elements of any Lanham Act claim. 15 U.S.C. § 1125(a)(1). Its claim clearly was “groundless.” Cairns, 292 F.3d at 1156. Societe’s failure to dismiss its claim earlier in the proceeding once it knew that there was no evidence to support it was “unreasonable.” Id.
4. Award of Attorneys’ Fees Related To Discovery Sanctions
This court reviews the imposition of sanctions for an abuse of discretion. Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1010 (9th Cir.2004). When the imposition of discovery sanctions turns on the resolution of a legal issue, review is de novo. See Palmer v. Pioneer Inn Assocs., Ltd., 338 F.3d 981, 985 (9th Cir.2003). Findings of fact underlying discovery sanctions are reviewed for clear error. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.1997).
A court may impose sanctions “[i]f a party or an officer, director, or managing agent of a party ... fails after being served with proper notice, to appear for that person’s deposition.” Fed.R.Civ.P. 37(d)(1), (3). “A failure [to appear] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).” Id. at 37(d)(2). The evidence suggests that Defendants agreed to take the depositions of Michel and Gilíes Guiño, both members of Societe, in Paris as a courtesy to the Guiños and because Societe’s counsel represented that the Guiños would not be available for depositions elsewhere. Societe’s counsel proposed the May 2005 deposition dates, and the dates were finalized by stipulation in early March 2005 and noticed on April 11, 2005. Despite these arrangements, Societe’s counsel never raised the issue that the depositions could be prevented by application of the Hague Convention until after Defendants’ counsel, the court reporter, videographer, and translator had already arrived in Paris the day before the deposition. Societe should have raised the issue earlier and/or moved for a protective order. The district court did not clearly err in refusing to consider Societe’s arguments as to the Hague Convention and French law, and it did not abuse its discretion in imposing such sanctions.
5. Denial of Prejudgment Interest
Prejudgment interest may be awarded in situations of “undisputed copyright infringement” to “discourage needless delay and compensate the copyright holder for the first time it is deprived of lost profits or license fees.” Polar Bear *339 Prod., Inc. v. Timex Corp., 384 F.3d 700, 718 (9th Cir.2004). The propriety of an award of prejudgment interest is subject to an abuse of discretion standard. Id. at 716 n. 2.
This was not a case of indisputable copyright infringement because of the confusion surrounding the application of Twin Books Corp. v. Walt Disney Co., 83 F.3d 1162 (9th Cir.1996). Defendants vigorously contested Societe’s copyrights, arguing that the sculptures had fallen into the public domain. In support, Defendants cited various Copyright Office Circulars and copyright treatises. The district court did not abuse its discretion in denying prejudgment interest.
6. Jury’s Finding of Willful Copyright Infringement
A jury’s “finding of willful [copyright] infringement” is reviewed for substantial evidence. Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc., 259 F.3d 1186, 1195 (9th Cir.2001). In the copyright infringement context, “willful” means acting with knowledge that one’s conduct constitutes copyright infringement. 17 U.S.C. § 504(c)(2); Dolman v. Agee, 157 F.3d 708, 715 (9th Cir.1998). A person who believes reasonably and in good faith that conduct does not constitute infringement does not act willfully. Peer Int’l. Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir.1990).
Renoir fails to point this court to evidence in the record supporting his contention that he believed the sculptures were in the public domain under American law. His argument is thus waived. Fed. R.App. P. 28(a)(7), (a)(9)(A); see Han v. Stanford University, 210 F.3d 1038, 1040 (9th Cir.2000); Mitchel v. Gen. Elec. Co., 689 F.2d 877, 878-79 (9th Cir.1982) (per curiam). Even if this court considered his argument, there is substantial evidence to support the jury’s finding of willfulness, including a stipulation that a French court entered a judgment against Renoir for violating Societe’s rights in the sculptures, and Renoir’s testimony that he knew about this judgment, appealed it, yet still sold molds and castings for the sculptures.
Renoir also argues that the district court abused its discretion by excluding Judge Carroll’s statements that the application of Twin Books to the sculptures was “unreasonable” and that there were “substantial grounds for difference of opinion” as to the copyrights here from the jury. Evidentiary rulings are reviewed for an abuse of discretion. See Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004). Renoir offered no supporting legal authorities in support of his argument as required by Fed. R.App. P. 28(a)(9)(A). It is therefore waived. Even if this panel considered his argument, the district court did not abuse its discretion by excluding Judge Carroll’s testimony because by the time of the trial, Judge Carroll was no longer the presiding judge, and therefore his statements amount to improper testimony on issues of law. See Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir.1996); U.S. v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir.1993); United States v. Zipkin, 729 F.2d 384, 387 (6th Cir.1984) (reversing trial court’s decision to allow a bankruptcy judge to testify to jury about his interpretation of the Bankruptcy Act and his own orders).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.