**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEVEN ARTS PICTURES, INC., a Nevada corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> 9MD UK LIMITED, an English corporation, <br><br> Defendant - Appellee. | No. 11-55331 <br><br> D.C. No. 2:10-cv-03974-PA-PLA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 11, 2013
Pasadena, California

Before: GOODWIN, HAWKINS, and WARDLAW, Circuit Judges.

Seven Arts Pictures, Inc. ("Seven Arts") brought this action seeking a

declaration that it is the rightful owner of the copyrights to the movie "Nine Miles

Down" and tort damages for intentional interference with contractual relations. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court denied Seven Arts's motion for default judgment and dismissed the case. We also dismiss.

We need not reach the merits of this appeal because Seven Arts has repeatedly failed to comply with both the Federal Rules of Appellate Procedure ("FRAP") and the Rules of this court. First, Seven Arts failed to provide a statement in its opening brief of the basis for this court to exercise appellate jurisdiction. *See* FRAP 28(a)(4)(B); Ninth Circuit Rule 28-2.2. Further, Seven Arts has taken a rather casual approach to this court's rules through its repeated docketing problems and serious misstatements of law in its opening brief. Seven Arts has given us no impetus to mitigate the "apparent harshness" of this sanction. *See Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982). Accordingly, we strike Seven Arts' opening brief and dismiss.[1] Ninth Circuit Rule 28-1(a); *see N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

**APPEAL DISMISSED**.[2]

---

[1] Even if we were to reach the merits, we would determine that the district court did not abuse its discretion in either declining to exercise declaratory judgment jurisdiction, *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), or in abstaining from hearing the tort claim against 9MD out of comity with ongoing proceedings in the United Kingdom, *see Asvesta v. Petroutsas*, 580 F.3d 1000, 1011 (9th Cir. 2009).

[2] Any pending motions are denied as moot.