**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MAR 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA NAKAGAWA,<br><br>　　　　　Plaintiff-Appellant,<br><br>　and<br><br>ANTHONY LUM-JOHN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF MAUI; et al.,<br><br>　　　　　Defendants-Appellees. | No.　14-15683<br><br>D.C. Nos.<br>1:11-cv-00130-DKW-BMK<br>1:12-cv-00569-JMS-RLP<br><br><br>MEMORANDUM [*] |
| JOSHUA NAKAGAWA,<br><br>　　　　　Plaintiff,<br><br>　and<br><br>ANTHONY LUM-JOHN,<br><br>　　　　　Plaintiff-Appellant,<br>　v.<br><br>COUNTY OF MAUI; et al.,<br><br>　　　　　Defendants-Appellees. | No.　14-15709<br><br>D.C. Nos.<br>1:11-cv-00130-DKW-BMK<br>1:12-cv-00569-DKW-BMK |

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 23, 2017
Honolulu, Hawaii

Before: KOZINSKI, HAWKINS, and BEA, Circuit Judges.

Joshua Nakagawa and Anthony Lum-John appeal the district court's grant of summary judgment for defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.

A Fourth Amendment seizure occurs only "when the officer by means of physical force or show of authority terminates or restrains [the plaintiff's] freedom of movement through means intentionally applied," but not when an unintentional act merely has the effect of restraining the plaintiff. *Nelson v. City of Davis*, 685 F.3d 867, 875-76 (9th Cir. 2012) (internal quotation marks and citation omitted). In the district court, appellants admitted as "undisputed" that 1) "Officer Losvar began shooting at the driver"; 2) "Officer Hattori made a split second decision to shoot at the driver"; and 3) Sergeant Kapahulehua "fired at the driver's head." Because appellants admitted that the defendant officers intentionally directed their force towards the driver (and not towards the appellants, any passenger in the vehicle, or the vehicle in general), the district court concluded properly as a matter

of law that no Fourth Amendment seizure occurred. Because no Fourth Amendment seizure occurred, appellants' Fourth Amendment claims fail as a matter of law.

For appellants' Fourteenth Amendment claims to succeed they must show that defendant officers' conduct "shocks the conscience." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). When a police officer makes "a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Id*. Using force to "bully" or "get even" with a suspect is not a legitimate law enforcement objective. *Id*. Appellants below admitted as "undisputed" that Losvar and Hattori fired their weapons because they believed their fellow officer was in grave danger. As such, appellants have admitted that these officers fired in order to protect their fellow officer from grave harm and not to "bully" or "get even." Because it is undisputed that Kapahulehua began to fire only after the truck sped towards Losvar and Matsuura, no reasonable jury could conclude that Kapahulehua fired his weapon to "bully" or "get even" given his response to the clear danger faced by his colleagues. *See id*. at 551. For these reasons, appellants' Fourteenth Amendment claims also fail as a matter of law.

Because the defendant officers did not violate any clearly established constitutional right, the district court found properly that they were entitled to

3

qualified immunity.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Appellants' briefs fail to include citations to the record for key factual assertions, thereby violating Federal Rule of Appellate Procedure 28(a)(8)(A) and Ninth Circuit Rule 28-2.8.  Ninth Circuit Rule 28-1(a) provides that "[b]riefs not complying with FRAP and these rules may be stricken by the Court."  This court has on other occasions dismissed an appeal when an appellant received notice of his failure to cite the factual record through an appellee's answering brief but failed to rectify his oversight by filing supplementary materials or a reply brief with record citations.  *See Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000).  Appellants failed to do so here.  Given the many factual assertions at issue in this appeal, the "failure to refer to the record works a hardship not only on this court, but also on the opposing litigants."  *Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982).  Thus, appellants' failure to follow the appellate rules respecting citations to the record provides an alternative basis to dismiss these appeals.

**AFFIRMED.**