**John R. OGORSOLKA; Lisa K. Ogorsolka, husband and wife, Plaintiffs–Appellants,**

v.

**RESIDENTIAL CREDIT SOLUTIONS INC.; Mortgage Electronic Registration Systems, Inc.; Bank of New York Mellon Corp., as trustee for the Cer-**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

**tificateholders of CWMBS, Inc., CHL Mortgage Pass–Through Trust 2007–2 Mortgage Pass–Through Certificates, Series 2007–2; BAC Home Loans LP, Defendants–Appellees.**

**No. 15–35000**

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2017 \*
Seattle, Washington

FILED JULY 17, 2017

Jill J. Smith, Esquire, Natural Resource Law Group, PLLC, Seattle, WA, for Plaintiffs–Appellants.

Joshua Schaer, Esquire, Routh Crabtree Olsen, P.S., Bellevue, WA, Steven J. Dixson, Michael J. Kapaun, Witherspoon Kelley, Spokane, WA, Michael Gerst, Esquire, Reed Smith LLP, Los Angeles, CA, Stephanie Jo Peel, Esquire, Reed Smith LLP, Pittsburgh, PA, for Defendants–Appellees.

Before: TASHIMA and NGUYEN, Circuit Judges, and WALTER, District Judge.\*\*

MEMORANDUM \*\*\*

This Court has the discretion to dismiss appeals because of deficiencies in the briefs. *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997). "Federal Rule of Appellate Procedure 28 and our corresponding Circuit Rules 28–1

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

to –4 clearly outline the mandatory components of a brief on appeal. These rules exist for good reason." *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam). "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief." *Id.* (quoting *N/S Corp.*, 127 F.3d at 1146). Failure to comply with Rule 28, by itself, is sufficient ground to justify dismissal of an appeal. *Han v. Stanford Univ. Dining Servs.*, 210 F.3d 1038, 1039–40 (9th Cir. 2000).

Here, in an appeal challenging a district court's dismissal of an amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), the appellants filed an opening brief containing only a handful of record citations and under-developed legal arguments, which is of little use to this Court. *See Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) (per curiam) ("The brief and list of citations are of little use to us."). In violation of Federal Rule of Appellate Procedure 28(a)(7), (a)(8)(A), and (e), the appellants' brief includes only five record citations, none of which appear in what purports to be the argument section, and offers internally inconsistent, unsupported, and incomplete legal arguments. In violation of Rule 28(a)(9), the conclusion fails to state the precise relief sought, an error which is compounded by an overall lack of effort to differentiate between the various respondents' alleged roles, and related exposure to liability, in the presentation of legal claims.

Instead of briefing the legal issues before this Court, the appellants violate Circuit Rule 30–1.5 by including their memoranda of law filed below. *See* Excerpts of Record 30–49, 128–144, 260–268, 295–317. And, in an appeal arising under Washington law, the appellants fail to cite a controlling Washington Supreme Court decision, *Frias v. Asset Foreclosure*, 181 Wash.2d 412, 334 P.3d 529 (2014) (en banc), which forecloses one issue on appeal.

"[D]espite the abject deficiency of the brief," *Sekiya*, 508 F.3d at 1200, our review of the record and merits of the case leaves us satisfied that the district court did not err. *See N/S Corp.*, 127 F.3d at 1146 (recognizing that "we would feel most uneasy if this were an otherwise meritorious appeal, which cried out for reversal of the district court's decisions"); *Mitchel*, 689 F.2d at 879 (acknowledging harshness of dismissal but noting that appellant's unsubstantiated and conclusory allegations would be insufficient to succeed on the merits).

**APPEAL DISMISSED.**