**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICKI STEFANINI, | No.  20-15240 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-07051-NC |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| STEPHEN CARLOCK, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted July 8, 2021
Portland, Oregon

Before:  M. MURPHY,** PAEZ, and BENNETT, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff-Appellant Vicki Stefanini brings this suit against Defendant-Appellee Hewlett Packard Enterprise Company ("HPE"), alleging gender discrimination, retaliation, and the failure to pay wages to which she is entitled. She appeals the district court's summary judgment decision in HPE's favor. We dismiss the appeal for failure to comply with Federal Rule of Appellate Procedure 28(a)(6).

Under Rule 28(a)(6), "[t]he appellant's brief must contain . . . a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." Stefanini "has exhibited complete disregard for [those] requirements," citing only the first page of the summary judgment decision and the first pages of several district court filings, which are not themselves evidence.[1] *Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir. 2000) (quoting *Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982)) (dismissing the appeal because the "appellees' brief cited *Mitchel* and requested dismissal of the appeal, yet [the appellant] did not take the opportunity to

---

[1] She cites the first page of her amended complaint, HPE's notice of removal, the district court case assignment, the first page of HPE's motion to dismiss, the first page of HPE's answer, the first page of HPE's motion for summary judgment, the judgment, the notice of appeal, the first pages of two of HPE's attorneys' declarations (which are contentless), and the first page of Stefanini's supervisor's declaration (which is contentless other than to state that the supervisor is an HPE sales director).

file a reply brief that could have cured the defects").[2]

      **DISMISSED,** with the parties to bear their own costs.

---

[2] In its answering brief, HPE pointed out the defects in Stefanini's counseled opening brief and cited *Mitchel* for the proposition that the panel has the discretion to dismiss the appeal because of those defects. In her counseled reply brief, Stefanini denied that her opening brief was defective (and so of course did not try to cure the defects) and compounded the problem by again reciting facts purportedly in the record without accompanying appropriate references to the record.