John ARMSTRONG, Plaintiff—
Appellant,

v.

CITY OF NORTH LAS VEGAS, et al.; Robert Aker; Dimauro, Sergeant; David Galyen; Pat Importuna; North Las Vegas Police Officers Association; Sam Smith; Tom Stephens; Dan Tarwater; Joey Tillmon; Brad Walsh; Mark Zalaoras, Defendants—Appellees.

No. 03–17332.
D.C. No. CV–01–00606–JCM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2005.[*]

Decided June 17, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cal J. Potter, III, Esq., Michael Weisman, Esq., Jason J. Bach, Potter Law Office, Las Vegas, NV, for Plaintiff–Appellant.

Robert W. Freeman, Esq., Henderson, NV, Todd L. Bice, Esq., Schreck Brignone Godfrey, Dennis A. Kist, Esq., Michael A. Urban, Esq., Laquer, Urban, Clifford & Hodge, LLP, Las Vegas, NV, for Defendants–Appellees.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

## MEMORANDUM**

John Armstrong appeals an adverse summary judgment order from the district court, dismissing his claims based upon his termination from employment by the City of North Las Vegas. Armstrong argues that summary judgment was inappropriately granted to the defendants because there are material issues of fact regarding his claims of Title VII racial discrimination, 42 U.S.C. § 1983 civil rights violations, intentional infliction of emotional distress, conspiracy, wrongful termination as a whistle blower, harassment for non-membership in a union, and retaliatory discharge. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss Armstrong's appeal.

■ Armstrong's briefs consist of numerous bald conclusions and unsupported allegations, and his citations to the record or relevant legal authority are few and far between. Accordingly, we find that Armstrong is in violation of Fed. R.App. P. 28, and we dismiss his appeal for that reason. *See Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir. 2002) (noting that a party's failure to comply with Rule 28 justifies dismissal of his or her appeal).

Even if we were to reach the merits of Armstrong's appeal, *see N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997), we would affirm the district court, *see Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004) (noting that summary judgment motions are reviewed *de novo* ). After a full and careful review of the entire record, we are satisfied that the district court properly granted summary judgment in favor of the defendants.

■ Armstrong's entire case in support of his attempt to defeat defendants' summary judgment motion consists of his affidavit and his amended complaint, filed without leave of the court. These are insufficient to defeat a summary judgment motion. *See Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (noting that a party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"). For this reason alone his appeal would fail.

■ Armstrong's 42 U.S.C. § 1983 claims and state law claims are also time-barred by the relevant statute of limitation. Section 1983 claims are governed by state statutes of limitation for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Nevada, there is a two year

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

statute of limitation for not only personal injury claims, but for claims of intentional infliction of emotional distress, right to work, and harassment, as well. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); *see also* Nev.Rev.Stat. § 11.190(4)(e). There is no material dispute (despite counsel's attempt unilaterally to change the date) that Armstrong was terminated on May 13, 1999, and did not file his complaint until May 25, 2001. The mere filing, without leave of the court, of an amended complaint altering his termination date from May 13, 1999, to May 31, 1999, does not present the court with a triable issue of material fact regarding the statute of limitation issue, nor does reliance on his own affidavit attesting to the fact that he was not aware of his termination until May 31, 1999. The record is to the contrary as the defendants noted in their motion for summary judgment. Moreover, Armstrong overlooks federal law regarding accrual of statutes of limitation: accrual begins on the date of the alleged injury, or on the date when the person "ha[d] reason to know" of the alleged injury. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379–80 (9th Cir. 1998).

■ Armstrong's Title VII claims of racial discrimination are as equally unsupported and conclusory as his § 1983 and state law claims. We note that Armstrong made only one mention of filing an Equal Employment Opportunity Commission ("EEOC") or Nevada Equal Rights Commission ("NERC") complaint, and did not cite to it or include it in his excerpts of record. After going through boxes of record, the court was able to locate the NERC complaint and the EEOC right to sue notice. Armstrong's claim relies on allegations that some unidentified party placed racist material in his department mailbox on two separate occasions. These assertions do not establish discrimination on the part of the City, the Union, or the individual named defendants. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (setting forth the requirements for a Title VII discrimination cause of action); *see also Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir.2003) (finding that the plaintiff failed to establish a *prima facie* case of discrimination where, similar to Armstrong, the plaintiff was repeatedly reprimanded for serious rule violations).

Pursuant to 42 U.S.C. § 1988 and Fed. R.App. P. 38, we award costs to the defendants.

DISMISSED.