N/S CORPORATION, a Pennsylvania corporation, Plaintiff–Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.

No. 96–55641.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 1997.*

Decided Oct. 23, 1997.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

**1146**

Bruce M. Warren, Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Marina del Rey, California, for the plaintiff-appellant.

Susan T. Olson, Kern & Wooley, Los Angeles, California, for the defendant-appellee.

Before: O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge:

N/S Corporation appeals the district court's grant of judgment to N/S's insurer, Liberty Mutual Insurance Company. N/S alleged various claims arising out of Liberty Mutual's purported failure to meet its contractual obligations to provide a defense and to indemnify N/S in a prior action between Jackson Engineering & Manufacturing, Inc. and N/S. We dismiss the appeal.

## DISCUSSION

We will not spill ink detailing the substantive facts of this case because we need not discuss its merits. We are passing through a period in the history of this country when the pressures upon the courts are extremely high. They are so because of the volume of work as more and more people seek to have the courts resolve their disputes and vindicate their rights. But resources are limited. In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief. Hence we have briefing rules. *See* Fed. R.App. P. 28.

By and large, we have been tolerant of minor breaches of one rule or another. Perhaps we are too tolerant sometimes. But there are times when our patience runs out. Then we strike an appellant's briefs and dismiss the appeal. *See Mitchel v. General Elec. Co.,* 689 F.2d 877, 879 (9th Cir.1982); *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976); *see also Kano v. National Consumer Coop. Bank,* 22 F.3d 899, 899–900 (9th Cir.1994); *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1990); *cf. Moore v. FDIC,* 993 F.2d 106, 107 (5th Cir.

1993); *TK–7 Corp. v. Estate of Barbouti,* 966 F.2d 578, 579 (10th Cir.1992). This is one of those times. This is a time when an appellant has approached our rules with such insouciance that we cannot overlook its heedlessness.

The violations are legion. First, the standard of review section in the opening brief says nothing about the appellate standard of review and the omission is not corrected elsewhere in the brief. *See* Fed. R.App. P. 28(a)(6); 9th Cir. R. 28–2.5. Second, while the opening brief is replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations. *See* Fed. R.App. P. 28(e); 9th Cir. R. 28–2.8. The brief leaves it up to the court to attempt to find the asserted information; alas, much of it is not there at all. Third, the opening brief exceeds the word limits for proportionally spaced briefs. *See* 9th Cir. R. 32(e). All of this is aside from lesser (?) matters like rather creative renditions of what actually occurred at the district court and the citation of California case authority which had been depublished many weeks before the brief was filed (and was without precedential value).

We might have been inclined to overlook all of that, but after Liberty Mutual pointed to these failures, and others, in a motion to dismiss, N/S did not even deign to respond. More than that, it filed a reply brief in which it entirely omitted the table of contents and the tables of authorities cited. *See* Fed. R.App. P. 28(c).

Enough is enough. We strike the N/S briefs and dismiss its appeal. Even so, we would feel most uneasy if this were an otherwise meritorious appeal, which cried out for reversal of the district court's decisions. "We acknowledge the apparent harshness ... of our refusal to consider the merits of this appeal because ... counsel failed to comply with the rules." *Mitchel,* 689 F.2d at 879.

However, the appeal is not meritorious. We have carefully reviewed the district court's rulings, the facts, and the law, a process which N/S's failure to follow the rules made considerably more difficult than it ought to have been. We are satisfied that

the district court did not err: (1) in determining that a claim that Liberty Mutual did not provide an adequate defense could not stand, see *Merritt v. Reserve Ins. Co.*, 34 Cal.App.3d 858, 880–82, 110 Cal.Rptr. 511, 526–27 (1973); (2) in finding no merit in a claim that Liberty Mutual should have indemnified N/S after both paid amounts to settle with Jackson Engineering; (3) in determining that Liberty Mutual was not required to provide and pay for independent counsel, see *Blanchard v. State Farm Fire & Cas. Co.*, 2 Cal.App.4th 345, 349–50, 2 Cal. Rptr.2d 884, 887 (1991); or (4) in denying leave to amend to plead fraud, see *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1147, 271 Cal.Rptr. 246, 252 (1990) (an insurance company is not a fiduciary). We decided that we should give N/S the benefit of our close review, but it is not entitled to have us expatiate on our reasons for finding its case unmeritorious.

DISMISSED.