Stephen D. ZIMMERMANN, Sr., individually and as manager of the marital community of Stephen D. Zimmermann, Sr. and Jeeranan Chyetaweep Zimmermann, and as the natural parents of Roger Zimmermann, Stephen D. Zimmermann, Jr., Melissa Zimmermann, Priscilla Zimmermann, and Matthew Zimmermann; Bruce Dale

---

Sheldahl; Adam D.W. Simpson; Chitina L. Chin; Michael T. Naldrett; Teresa L. Prekaski; Michael J. Sparling; Steven J. Whiting; Gayla Naldrett; Maria Shoemaker, individually and as parent and natural guardian of Paul D. Shoemaker and Katherine J. Shoemaker, Plaintiffs–Appellants,

v.

Christine O'Grady GREGOIRE; Lyle Quasim; Belinda Gloyd; Department of Social and Health Services (Dshs); Tommy G. Thompson, Secretary of the Department of Health and Human Services; * Helen Greenwood, aka Elena Selkie; Sue Lesperance; Marie Fujii; Susan Haffie; and Christine Hackenberger, as representatives of employees of Dshs, Defendants–Appellees.

No. 00–35082.

D.C. No. CV–99–01367–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2001.

Decided Sept. 4, 2001.

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiffs appeal the district court's dismissal with prejudice of their first amended complaint. The complaint challenges pursuant to 42 U.S.C. § 1983 the constitutionality of numerous provisions of Washington's child welfare statutes and their federal counterparts. The district court declined to exercise jurisdiction, invoking the *Younger* abstention doctrine.

As an initial matter, we conclude that Plaintiffs' briefs on appeal fail to provide

* Tommy G. Thompson is substituted for his predecessor, Donna E. Shalala, as Secretary of Health and Human Services. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

an understandable statement of facts, or an understandable argument, or an understandable analysis in support of the remedy they are seeking, as required by Rule 28(a) of the Federal Rules of Appellate Procedure. These are not just technical violations. Defendants are prejudiced because they can only guess at what Plaintiffs are trying to argue and thereby are hampered in their ability to develop an intelligent response. The court is placed in a similarly disadvantageous position. We dismiss Plaintiffs' appeal for failure to comply with Rule 28(a). *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145 (9th Cir.1997).

Even if Plaintiffs' briefs had satisfied F.R.A.P 28(a), we would still resolve the merits of this appeal in favor of Defendants. Plaintiffs fall into three categories: (1) those involved in pending child welfare proceedings in state court, (2) those involved in prior child welfare proceedings in state court, and (3) those who are not, and who have never been, involved in child welfare proceedings in state court.

■ With respect to the plaintiffs involved in pending state court proceedings, we conclude that the district court properly dismissed their claims with prejudice pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Adjudicating the constitutional claims of these plaintiffs would interfere with ongoing state court proceedings (*i.e.*, dependency actions and/or actions to terminate parental rights) which implicate important state interests (*i.e.*, the parent-child relationship), and no extraordinary circumstances, bad faith or harassment make abstention inappropriate.

■ With respect to the plaintiffs involved in prior state court proceedings, we conclude their claims are barred by the doctrine of *res judicata*. A state court

judgment has the same preclusive effect in federal court as that judgment would have in the courts of the rendering state. *See Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir.1993).

With respect to the plaintiffs who are not, and who have never been, involved in state court proceedings, we conclude that these plaintiffs lack standing. Their concern that the state might someday institute child welfare proceedings against them is too speculative to constitute an injury in fact for purposes of Article III standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

APPEAL DISMISSED.