Gerald BARNCORD, Plaintiff—Appellant,

v.

SAN FRANCISCO CULINARY, BARTENDERS AND SERVICE EMPLOYEES PENSION FUND, LOCAL 2, Defendant—Appellee.

No. 01–17410.

D.C. No. CV–00–04177–MJJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Decided Feb. 26, 2003.

Before BEEZER, THOMAS and CLIFTON, Circuit Judges.

### MEMORANDUM *

Gerald Barncord sued the San Francisco Culinary, Bartenders and Service Employees Pension Fund, Local 2 (the "Fund") for failure to award him retroactive disability benefits. The district court granted summary judgment for the Fund, concluding that Barncord had forfeited those benefits. We affirm.[1]

We review the grant of summary judgment *de novo. Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan,* 750 F.2d 1458, 1460 (9th Cir.1985). Barncord's disability pension benefits were not protected from forfeiture by plan amendment under 29 U.S.C. § 1054(g). That provision protects only "accrued benefits," including "retirement-type subsidies." Benefits that are not "accrued benefits" may be subject to forfeiture by plan amendment. *See Shaw,* 750 F.2d at 1463.

"[I]n the case of a defined benefit plan, the individual's accrued benefit determined under the plan" is generally "expressed in the form of an annual benefit commencing at normal retirement age." 29 U.S.C. § 1002(23)(A) (1999). "In general, the term 'accrued benefits' refers only to pension or retirement benefits. Consequently, accrued benefits do not include ancillary benefits not directly related to retirement benefits...." 26 C.F.R. § 1.411(a)–7(a)(1)(ii) (2002). Such ancillary benefits include "disability benefits not in excess of the qualified disability benefit." *Id.* The "qualified disability benefit" is "a disability benefit provided by a plan which does not exceed the benefit which would be provided for the participant if he separated from the service at normal retirement age." 29 U.S.C. § 1002(22) (1999).

The disability pension is not in excess of the "qualified disability benefit" because, under section 4.07 of the Plan, the monthly amount of the disability pension is "determined in the same way as the monthly amount of the Normal Pension is determined." Thus, the disability pension benefits are "ancillary benefits not directly related to retirement benefits." They are not "accrued benefits."

Nor are the disability pension benefits "retirement-type subsidies." The term

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because we have elected to decide this case on the merits, we deny the Fund's motion to strike the briefs for failure to conform to the Federal Rules of Appellate Procedure and the Circuit Rules of the Ninth Circuit Court of Appeals. We agree, however, that many of the Fund's objections are well-taken. *See, e.g., In re O'Brien,* 312 F.3d 1135 (9th Cir. 2002); *N/S Corp. v. Liberty Mutual Ins. Co.,* 127 F.3d 1145 (9th Cir.1997).

"retirement-type subsidy," as used in § 1054(g), was to be defined by Treasury regulations. *See* 29 U.S.C. § 1054(g)(2)(A). Though the Treasury has yet to promulgate such regulations, the legislative history indicates that "a qualified disability benefit ... will not be considered a retirement-type subsidy." S.Rep. No. 575, 98th Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. 2547, 2575–76. The disability pension is a "qualified disability benefit" because it does not exceed the normal retirement benefit. Thus, it not a "retirement-type subsidy." That fact distinguishes this case from *Canseco v. Constr. Laborers Pension Trust for S. Cal.,* 93 F.3d 600 (9th Cir.1996).

Whether or not the Fund notified Barncord of the 1997 amendment is inconsequential. Summary judgment was appropriate because Barncord failed to show "active concealment [of the amendment] or some significant reliance upon, or prejudice resulting from the lack of notice." *Williams v. Plumbers & Steamfitters Local 60 Pension Plan,* 48 F.3d 923, 926 (5th Cir.1995) (citation omitted); *accord Kreutzer v. A.O. Smith Corp.,* 951 F.2d 739, 743 (7th Cir.1991).

AFFIRMED.