MEMORANDUM *
Chin-Liang Chan, former chief executive officer of CD duplicating company Media Group, Inc., appeals the district court’s summary judgment. We have jurisdiction under 28 U.S.C. § 1291,[1] and we dismiss the appeal. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.
Dismissal of this appeal is required because of Chan’s failure to comply with the Federal Rules of Appellate Procedure. He failed to comply with the requirements for preparation of an Excerpt of Record by failing to include in the record a transcript of all evidence relating to the findings and conclusions that he suggested was not supported by the evidence. See Fed. R.App. P. 10(b)(2). Chan’s opening brief failed to state “relevant facts establishing jurisdiction,” as required by Fed R.App. P. 28(a)(4). These deficiencies were not corrected after they were pointed out by Plaintiffs in their answering brief. Thus, dismissal is justified. See, e.g., N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir.1997) (dismissing appeal where defendant noted substantial defects in plaintiffs opening brief and plaintiff did not address those defects in response).
Chan is not prejudiced by this dismissal, because his appeal lacks merit. His primary contention is that the district court erred in applying a “reckless disregard” standard to establish willful copyright infringement under the Copyright Act. However, Chan did not present this argument to the district court; thus, we may deem it waived. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 546 n. 15 (9th Cir.1991) (“It is well established that an appellate court will not reverse a district court on the basis of a theory that was not raised below.”) Chan presents no exceptional circumstances as to why his theory was not raised at trial, *533 nor does he argue that there has been an intervening development in the law.
In fact, the district court’s grant of summary judgment was correct. Ample, undisputed evidence supported the district court’s conclusion that Chan committed willful copyright infringement. Indeed, in his “Statement of Genuine Issues in Opposition to Motion for Partial Summary Judgment,” Chan admitted that he had never been authorized to duplicate the sound recordings in question, that he understood that unauthorized copying was illegal, that he supervised and controlled Media Group’s manufacturing processes, that he understood the need to screen orders for suspected infringement, that Media Group believed that contacting the Plaintiffs about possible infringement was a “waste of time,” that Media Group did not follow the list of infringement indicators provided to them during copyright infringement training, that Media Group was warned it was coming “dangerously close to a lawsuit,” but that it did not implement any new procedures to safeguard against infringement, and that, even after Media Group became aware that a particular customer sought an infringing order, Chan would not necessarily stop filling the customer’s orders. Chan’s only defenses to “knowing” infringement are his conclusory and self-serving contentions that Media Group was attempting to address the problem, and that he did not “intend” to break the law as such. While such a contention might provide a defense if the standard for willful infringement was “unlawful purpose,” the “knowledge” standard does not seem to require any such specific intent. See Peer Int’l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1335-36 (9th Cir.1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991); 4 M. Nimmer and D. Nimmer, Nimmer on Copyright, § 14.04[B][3] at 14-58 (2003). In sum, Chan’s arguments fail on the merits, as well as from being procedurally deficient.
DISMISSED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Plaintiffs argue that we lack appellate jurisdiction because the notice of appeal was untimely filed. However, the bankruptcy court granted leave to perfect the notice of appeal, which we deem to be a ruling that, under the circumstances presented by the case, the time for filing a notice of appeal was equitably tolled during the period in which the automatic stay was applicable, even though the stay was later annulled. We see no abuse of discretion in that holding; otherwise, Defendant arguably would be deprived of his right to appeal through forces outside his control.