**Michael THOMAS, Plaintiff—Appellant,**

v.

**Michael BODNAR; William Brooks; David Galyen; Tim Grady; North Las Vegas Police Officers Association; City of North Las Vegas; Cheryl Thornton; Joey Tillmon, Defendants—Appellees.**

**No. 03–16363.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 14, 2005.*

Decided March 17, 2005.

Michael Weisman, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Robert W. Freeman, Esq., Henderson, NV, Jason J. Bach, Potter Law Office, Robert A. Groesbeck, Esq., Dennis A. Kist, Esq., Dennis A. Kist & Associates, Las Vegas, NV, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

830

Before: NOONAN, THOMAS and FISHER, Circuit Judges.

## MEMORANDUM **

Michael Thomas brought an action against the City of North Las Vegas, the North Las Vegas Police Officers' Association and individual police officers, claiming violation of his civil rights under 42 U.S.C. § 1983, malicious prosecution, intentional infliction of emotional distress, conspiracy, wrongful termination, violation of Title VII, wrongful termination as a whistleblower, harassment based on nonmembership in a union and retaliatory discharge. The district court granted defendants' motions for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss Thomas' appeal.

■ Thomas' brief consists primarily of conclusions with few citations to the record or to relevant legal authority, in contravention of Fed. R.App. P. 28(a)(9)(A) (noting that the argument in appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore dismiss his appeal. *See Cmty. Commerce Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135 (9th Cir.2002) ("[F]ailure to comply with Rule 28, by itself, is sufficient ground to justify dismissal of an appeal.") (citing *Han v. Stanford Univ. Dining Servs.*, 210 F.3d 1038, 1040 (9th Cir.2000)).

"Even so, we would feel most uneasy if this were an otherwise meritorious appeal, which cried out for reversal of the district court's decisions. . . . However, the appeal is not meritorious." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997). After careful review of the district court's rulings, the facts and the law, we are satisfied that the district court did not err when it granted summary judgment in favor of all the defendants.

■ First, there was no evidence demonstrating that the Union and the City participated in joint action against Thomas to violate his constitutional rights. *See United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989) (en banc) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights."). Moreover, the City, not the Union, terminated Thomas' employment. Thomas was not an employee of the Union, so the Union could not be held liable under Thomas' causes of action predicated on an employment relationship.

■ Second, even assuming Thomas' speech addressed matters of public concern and was a motivating factor in his termination, because of the substantial level of disruption caused by Thomas' behavior, his continued noncompliance with police department rules and regulations and the apparent falseness of many of his allegations, the City's interests outweigh those of Thomas. *See Cochran v. City of Los Angeles*, 222 F.3d 1195, 1201 (9th Cir.2000) (holding that the employer's interests outweigh the employee's interest in speech "if the employee's speech impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

duties or interferes with the regular operation of the enterprise.") (internal quotation marks and citation omitted).

■ In addition, Thomas' termination did not violate his procedural due process rights, because he had written notice of the charges against him, an explanation of the employer's evidence, a pretermination hearing and an opportunity to present his side of the story. *See Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir.2001) ("When a public employee is terminated for cause, he is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.") (internal quotation marks and citation omitted).

■ Thomas' malicious prosecution claim against the City also fails. The state court judge did not dismiss the criminal charge against Thomas for want of probable cause, but because he was "not convinced ... beyond a reasonable doubt that what has occurred was sufficient for a criminal misdemeanor charge to be sustained."

■ The only evidence that Thomas offers in support of his Title VII discrimination claim is his statement in his affidavit that he was "told not to act like an 'uppity Jew' " by some Union members. That some Union members made offensive comments to Thomas does not establish discrimination on the part of the City.

Finally, the district court did not err in granting qualified immunity to the individual defendants. Because Thomas did not state which constitutional rights the individual defendants allegedly violated, did not cite any law that would demonstrate that the rights asserted was clearly established, did not offer specific facts to demonstrate that the individual defendants' behavior was unreasonable or that Thomas sustained injuries, Thomas failed to raise a triable issue of fact that the behavior of the individual defendants rose to the level of a constitutional violation.

DISMISSED.