William V. HARDWICK; Keir D. Hart; Michael A. Fears, Plaintiffs–Appellants,

v.

COMPLETE SKYCAP SERVICES, INC., an Arizona corporation; John Does, I–X; Black & White Corporations, Defendants–Appellees.

No. 05–16422.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2007.*

Filed July 13, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. ` *See* Fed. R.App. P. 34(a)(2).

Richard G. Neuheisel, Esq., Tempe, AZ, Kenneth Sean Countryman, Esq., Kenneth S. Countryman, P.C., Phoenix, AZ, for Plaintiffs–Appellants.

Lawrence Allen Katz, Esq., Monica L. Goebel, Steven D. Wheeless, David C. Kresin, Steptoe & Johnson, LLP, Phoenix, AZ, for Defendants–Appellees.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HUG, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

William Hardwick, Keir Hart, and Michael Fears ("Appellants") appeal the District Court's grant of summary judgment in favor of Complete Skycap Services, Inc. ("CSSI"). Specifically, Appellants contend that a genuine issue of material fact exists on two of Appellants' claims under the Fair Labor Standards Act ("FLSA")— first, that CSSI violated anti-retaliation provisions of the FLSA under 29 U.S.C. § 215(a)(3), and second, that CSSI violated minimum wage provisions of the FLSA under 29 U.S.C. §§ 206, 203(m). We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review a District Court's grant of summary judgment de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003).

Summary judgment will be granted if the evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court will view the facts in the light most favorable to the non-moving party, and draw any reasonable inferences in the non-moving party's favor. *Warren v. City of Carlsbad*, 58 F.3d 439, 443 (9th Cir.1995). However, the nonmoving party "may not rest upon the mere allegations or denials of the [ ] party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A party cannot manufacture a genuine issue of material fact merely by making assertions in its legal

memoranda." *S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.1982). Although there may be evidence somewhere within the non-moving party's submitted record that might create a genuine issue of material fact, "[t]he district judge is not required to comb the record to find some reason to deny a motion for summary judgment." *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988).

■ Appellants first allege that CSSI violated the FLSA by discharging them from their employment with CSSI in retaliation for complaints made by Appellants regarding their compensation for overtime, attendance at mandatory meetings, and tip allocation. 29 U.S.C. § 215(a)(3) provides that it is unlawful for an employer to discharge or discriminate against an employee because that employee filed a complaint with or instituted proceedings against the employer. In order for Appellants' complaints to be protected under the FLSA, the complaints must specifically concern FLSA violations and must be directly communicated to the employer. *Lambert v. Ackerley*, 180 F.3d 997, 1007–08 (9th Cir. 1999) (en banc). "[N]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)." *Id.* at 1007. In this case, Appellants did not cite any evidence suggesting that they engaged in activities protected under the FLSA. Appellants' brief cites solely to the factual assertions made in their response to CSSI's motion for summary judgment, without providing any way to find support for these assertions in the evidentiary record. In the few instances where evidence regarding Appellants' assertions was able to be located, the evidence at worst does not support Appellants' claims at all, and at best only suggests that Appellants generally complained about their salaries or

the tipping allocation system—not that CSSI had violated the law in any way. As a result, Appellants failed to raise a genuine issue of material fact on their retaliation claim, and the District Court therefore properly granted summary judgment for CSSI on this issue.

■ Appellants also contend that CSSI violated FLSA's minimum wage provision, 29 U.S.C. § 206, by allowing supervisors to collect tips to which they were not entitled through CSSI's tip-allocation system. Appellants acknowledge that 29 U.S.C. § 203(m) permits the pooling and sharing of tips amongst employees who customarily and regularly receive tips, but claim that supervisors not entitled to tips illegally collected a portion of the money from the shared pool. Appellants again fail to cite to any evidence, beyond the assertions in their response to CSSI's summary judgment motion, to support their contentions that the curbside supervisors were not entitled to share in the tip-allocation system. Often, the unsupported assertions to which Appellants cite failed even to relate to the claims made in Appellants' brief. To the extent that some evidence may exist somewhere in the record that supports Appellants' arguments, the district judge is not required to "comb the record" to find it. *Forsberg*, 840 F.2d at 1418. As a result, the District Court also properly granted summary judgment for CSSI on Appellants' minimum wage claim.

AFFIRMED.

RYMER, Circuit Judge, concurring in the judgment:

Briefing submitted by William Hardwick, Keir Hart, and Michael Fears (collectively, Hardwick) fails to comply with Circuit Rule 28–2.8. Citing to Plaintiffs' Statement of Facts in Support of Their Response to the Motion for Summary Judgment is non-compliant because the

Statement is not itself evidence in support of a factual assertion. Hardwick was given two opportunities to file a conforming brief, but has not done so. Accordingly, I would dismiss the appeal with prejudice. *See Han v. Stanford Univ.*, 210 F.3d 1038 (9th Cir.2000) (dismissing appeal where plaintiff made general factual assertions without citation to the record); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997) ("[W]hile the opening brief is replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations. The brief leaves it up to the court to attempt to find the asserted information; alas, much of it is not there at all." (citations to rules omitted)).