**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff - Appellee,<br><br>   v.<br><br>MANUEL A. MARTINEZ-<br>COVARRUBIAS,<br><br>      Defendant - Appellant. | No. 08-50281<br><br>D.C. No. 3:07-cr-00491-BTM-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 8, 2011[**]
Pasadena, California

Before: REINHARDT, RAWLINSON, and N.R. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Neither of Martinez-Covarrubias's prosecutorial misconduct claims merits reversal of his conviction.[1] The first–that the prosecutor questioned a witness regarding Martinez-Covarrubias's use of a false name in violation of a prior evidentiary ruling by the district court–has no basis in fact: the district court's *in limine* evidentiary ruling *admitted* testimony on the subject, and was retracted by the district court only after the testimony had been elicited by the prosecutor. The second–that the prosecutor repeatedly elicited inadmissible testimony regarding the IAFIS computer system, requiring the defense to object five times–fails because even had the prosecution's actions constituted misconduct, the evidence of Martinez-Covarrubias's guilt was overwhelming. *See United States v. Wright*, 625 F.3d 583, 613 (9th Cir. 2010).

Martinez-Covarrubias challenges the district court's decision to recognize as an expert an ICE agent who testified as to the 2001 street value of the seized methamphetamine. Even assuming that the district court erred, Martinez-Covarrubias was not prejudiced by the ICE agent's testimony. The prosecution

---

[1]The government's motion to strike appellant's opening brief is denied. The brief does not "exhibit[] a complete disregard for the requirements of the appellate rules respecting citations to the record," *Han v. Stanford University*, 210 F.3d 1038, 1040 (9th Cir. 2000), and thus falls within this court's practice of tolerating "minor breaches of one rule or another." *N/S/ Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

introduced evidence that the amount of methamphetamine found in Martinez-Covarrubias's truck was 12,000 times greater than one would carry for personal use. Thus, "it is more probable than not that the error did not materially affect the verdict." *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

The district court did not err in admitting the lab test results of the seized methamphetamine over Martinez-Covarrubias's chain of custody objections. The government presented testimony that the substance was sealed in a barrel at the time it was seized, that the seal was still intact at the time the barrel was delivered to the lab, and that the numbered label on the barrel corresponded to forms filled out by field agents at the time of the seizure. Therefore, "sufficient proof [was] introduced so that a reasonable juror could find in favor of authenticity or authentication." *United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995) (interpreting Fed. R. Evid. 901(a)).

The district court did not err in denying Martinez-Covarrubias's Motion for a Judgment of Acquittal under Fed. R. Crim. P. 29. The prosecution's evidence of guilt, including that the seized methamphetamine was found in a vehicle that was owned by Martinez-Covarrubias and driven by a man bearing his identification papers, was such that "a rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *United States v. Lazarenko*, 564 F.3d 1026, 1035 (9th Cir. 2009).

Finally, the record is insufficient to review Martinez-Covarrubias's ineffective assistance claim on direct appeal. We therefore dismiss the ineffective assistance claims, noting that Martinez-Covarrubias may bring them in a future habeas proceeding should he so choose. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009)

**AFFIRMED.**