**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD WALLACE,

          Plaintiff - Appellant,

   v.

BASHAS' INC. GROUP DISABILITY
PLAN,

          Defendant - Appellee.

No. 10-15385

D.C. No. 2:07-cv-02559-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted April 12, 2011[**]
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lesley Wells, Senior District Judge for the United
States District Court, Northern District of Ohio, sitting by designation.

Richard Wallace appeals the district court's grant of summary judgment to his former employer, Bashas' Inc., in an Employee Retirement Income Security Act (ERISA) action for disability benefits.

Although we are generally tolerant of minor breaches of the procedural rules governing appellate practice, we have on occasion stricken briefs and dismissed an appeal for a party's abject failure to adhere to the procedural requirements. *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) (listing cases).

Ninth Cir. R. 30-1.1 provides: "In the Ninth Circuit the appendix prescribed by FRAP 30 is not required. Instead, Circuit Rule 30-1 requires the parties to prepare excerpts of record. The purpose of the excerpts of record is to provide each member of the panel with those portions of the record necessary to reach a decision. The parties should ensure that in accordance with the limitations of Circuit Rule 30-1, those parts of the record necessary to permit an informed analysis of their positions are included in the excerpts."

Appellant has submitted hundreds of pages of unpaginated medical records in violation of our rules requiring consecutive pagination or tabs with pages within the tabs consecutively paginated. *See* Ninth Cir. R. 30-1.6(a). Although the Excerpt of Record is separated by tabs, the pages within each tab are not

2

consecutively paginated. *See id.* The table of contents does not describe the relevant documents within the record or how specific documents can be located. *See id.* The result is that the panel members are unable to communicate meaningfully regarding the facts and issues underlying this appeal. A reference to a particular Excerpts of Record number is absolutely meaningless because the record is not compiled in any organized way.

We have tried to correlate the briefing to the record, but after countless hours and numerous efforts, we have determined that Appellant's failure to adhere to the procedural rules prevents a meaningful review of this case. As in *N/S Corp.*, we conclude that "appellant has approached our rules with such insouciance that we cannot overlook its heedlessness." *Id.*[1]

**APPEAL DISMISSED.**

---

[1]We note that to the extent we were able to decipher the record, it appears that Appellant's claim lacks merit.

3