FILED

DEC 02 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-16-1149-FPaKi |
| | ) | |
| THE DISCIPLINARY PROCEEDING OF PHILIP E. KOEBEL. | ) | Bk. No. 2:15-mp-00111-ES |
| | ) | |
| _____ | ) | |
| PHILIP E. KOEBEL, | ) | **MEMORANDUM**[*] |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |

Argued and Submitted on November 17, 2016
at Pasadena, California

Filed – December 2, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe Smith, Richard Neiter, and Julia Brand,
Bankruptcy Judges, Presiding

_____

Appearances:    Appellant Philip E. Koebel argued pro se.

_____

Before: FARIS, PAPPAS,[**] and KIRSCHER, Bankruptcy Judges.

_____

   [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

   [**] The Honorable Jim D. Pappas, United States Bankruptcy Judge for the District of Idaho, sitting by designation.

**INTRODUCTION**

Appellant Philip E. Koebel appeals from a bankruptcy disciplinary panel's decision to discipline him for his conduct while representing his client in concurrent chapter 7[1] and 13 cases and proceedings. Mr. Koebel presents us with a deficient appellate brief that completely fails to address the disciplinary panel's ruling. Rather, he focuses on issues that the BAP already decided against him in a prior appeal. Accordingly, we AFFIRM.

**FACTUAL BACKGROUND[2]**

**A. The chapter 7 case**

Mr. Koebel is an attorney who represented debtor Ruben Gonzalez Cuevas in a chapter 7 case (the "Chapter 7 Case") filed in 2007. Mr. Cuevas resided with his mother at property located in Altadena, California (the "Property"). Mr. Cuevas' sister, Graciela Dibble, was appointed trustee of the Juliana Cuevas Living Trust (the "Mother's Trust") upon their mother's death in 2005. She pursued a number of actions in California state court to establish that the Mother's Trust was the legal owner of the Property and to evict Mr. Cuevas from the Property. The superior court issued a writ of possession with an eviction date of

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] We have exercised our discretion to review the bankruptcy court's dockets in the chapter 7 case, chapter 13 case, and disciplinary proceeding, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

2

October 4, 2007.

Two days before the eviction date, Mr. Cuevas filed his chapter 7 petition to stay the eviction while he sought to vacate the state court orders. Ms. Dibble obtained relief from the automatic stay to continue litigating against Mr. Cuevas.

Initially, the chapter 7 trustee deferred to Ms. Dibble's efforts to liquidate the Property. But when Ms. Dibble failed to evict Mr. Cuevas from the Property, collect rent, or liquidate the Property, the chapter 7 trustee successfully moved the probate court to remove Ms. Dibble and appoint Stevan Chandler as trustee of the Mother's Trust.

Meanwhile, Mr. Cuevas was busy initiating litigation in his bankruptcy case. He filed three motions to dismiss the Chapter 7 Case, a motion to convert, an objection to a claim by the Franchise Tax Board, and an adversary proceeding against the chapter 7 trustee seeking a declaration that Mr. Cuevas' interest in the Mother's Trust was not the property of the bankruptcy estate; all were unsuccessful.

The chapter 7 trustee objected to Mr. Cuevas' claimed homestead exemption. He argued that Mr. Cuevas only had an interest in the Mother's Trust – not the Property itself - and could not claim a homestead exemption in the Property. The court sustained the objection and disallowed the homestead exemption.

The probate trustee succeeded in transferring title to the Property into the Mother's Trust. He initiated an unlawful detainer action against Mr. Cuevas, with trial set for January 2015.

3

**B.    The chapter 13 case**

While the Chapter 7 Case was pending, Mr. Cuevas filed a chapter 13 petition on December 1, 2014 (the "Chapter 13 Case"), which stayed the unlawful detainer action.[3]  On his schedules, he claimed a homestead exemption in the Property in the amount of $175,000 despite the bankruptcy court's order sustaining the chapter 7 trustee's objection to exemption in the Chapter 7 Case. He listed his debts as $21,334.40, his monthly income as $1,074.01, and monthly expenses as $975.  Additionally, he stated that the Property was protected by the court's order in the Chapter 7 Case that precluded Ms. Dibble from evicting or ejecting Mr. Cuevas absent further order from the court granting relief from stay.

Mr. Cuevas' chapter 13 plan proposed monthly payments of $99 for sixty months.  The plan "assume[d] $195,000 from distribution of [the Mother's Trust]/[Chapter 7 Case] less $175,000 homestead."  Mr. Cuevas stated elsewhere in the plan that the calculations assumed a $195,000 distribution from the Chapter 7 Case.  These assertions were disingenuous at best; as we note above, Mr. Cuevas was vigorously attempting to thwart the Chapter 7 Case.  He also filed a motion to continue the automatic stay and asserted that he was entitled to a homestead exemption in the Property.

**C.    The orders to show cause and sanctions**

On December 23, 2014, the court in the Chapter 13 Case sua

---

[3] Mr. Cuevas had received a discharge in the Chapter 7 Case on May 30, 2014, but the case remained open.

4

sponte issued an order to show cause that directed Mr. Cuevas to show cause why the Chapter 13 Case should not be dismissed because he was already a debtor in the concurrent Chapter 7 Case. Mr. Cuevas responded that successive bankruptcy cases were permissible and that he had filed the Chapter 13 Case in good faith. He withdrew his motion to continue the automatic stay.

The bankruptcy court disagreed with Mr. Cuevas, saying that there was little or no post-chapter-7 debt to deal with in the Chapter 13 Case, no prospect of Mr. Cuevas receiving a discharge, and no real source of income or assets available to permit Mr. Cuevas to pay any debts. As such, there was no legitimate bankruptcy purpose behind the filing of the Chapter 13 Case. The court stated that the assumptions underlying the chapter 13 plan ignored the bankruptcy court's rulings regarding the relief from stay and homestead exemption in the Chapter 7 Case. The court dismissed the Chapter 13 Case and barred Mr. Cuevas from filing a new bankruptcy case for a period of two years.

On January 16, 2015, the bankruptcy court issued an order directing Mr. Koebel to appear and show cause why he should not be sanctioned ("Sanctions OSC"). It said that Mr. Koebel's filing of Mr. Cuevas' chapter 13 petition and the various positions Mr. Koebel took in the Chapter 13 Case tended to demonstrate that sanctions were warranted.

Additionally, the probate trustee filed a motion for attorneys' fees against Mr. Koebel under Rule 9011.

In the meantime, Mr. Cuevas and Mr. Koebel appealed the dismissal order and the Sanctions OSC to the BAP. The BAP dismissed the appeal of the Sanctions OSC as interlocutory. It

5

also granted Mr. Cuevas a limited remand of the appeal of the dismissal order to seek relief from the bankruptcy court.

On remand, Mr. Cuevas filed a motion to "correct" the dismissal order. The bankruptcy court issued a detailed memorandum decision disposing of the motion to correct, the Sanctions OSC, and the probate trustee's motion for fees. The court determined that Mr. Cuevas only filed the Chapter 13 Case to delay his eviction and increase the costs of litigation. The court described as "nonsense" Mr. Cuevas' explanations as to why he needed to pursue chapter 13 relief. The court said that his theories about his ability to fund his chapter 13 plan were shams.

Regarding the Sanctions OSC, the bankruptcy court sanctioned Mr. Koebel under its inherent powers and Rule 9011. It said:

> There is clear and convincing evidence that Mr. Koebel did in fact operate in bad faith, and additionally and alternatively engaged in willful misconduct, by filing this chapter 13 case for the purpose of delaying and obstructing the Probate Trustee and the Chapter 7 Trustee, including staying the unlawful detainer trial and needlessly increasing the costs of litigation. The debtor had no genuine need, let alone any ability, to reorganize his finances in chapter 13. Moreover, after filing the petition Mr. Koebel continued to engage in further bad faith and willful misconduct as described above, including false and misleading representations to this court, and frivolous and wasteful litigation.

The bankruptcy court sanctioned Mr. Koebel as follows: (1) an award of $15,346.30 in attorneys' fees and costs paid to the probate trustee; (2) an award of $2,110.60 in attorneys' fees and costs paid to the chapter 7 trustee; and (3) referral to the Central District of California bankruptcy disciplinary panel, with a recommendation to refer Mr. Koebel to the California state

bar, suspend him from practice for six months or longer, and subject him to a probationary period of practice for four and a half years. The court reasoned that Mr. Koebel's subjective bad faith and objectively unreasonable conduct concerning the chapter 13 petition and the opposition to the dismissal of the Chapter 13 Case constituted ample ground for the imposition of sanctions under Rule 9011 and the court's inherent powers.

Mr. Cuevas and Mr. Koebel appealed the bankruptcy court's dismissal order and the sanctions order against Mr. Koebel, BAP nos. CC-15-1032-KuKiTa and CC-15-1353-KuKiTa (the "Related Appeals"). On October 5, 2016, while the present appeal was pending, the BAP affirmed the bankruptcy court in the Related Appeals, holding that the appellants did not offer any argument justifying reversal of the dismissal order and did not specifically and distinctly challenge the sanctions order.

On November 3, 2016, Mr. Koebel and Mr. Cuevas appealed the judgment in the Related Appeals to the Ninth Circuit Court of Appeals.

**D.    The disciplinary proceeding**

Following Mr. Koebel's referral to the disciplinary panel, Mr. Koebel argued that sanctions were not warranted because: (1) he filed the Chapter 13 Case in good faith; (2) additional funds from the Chapter 7 Case may be used to increase the percentage distribution to creditors; (3) the claimed homestead exemption was proper; (4) Mr. Cuevas was the future beneficiary of the Mother's Trust and was entitled to the homestead exemption; (5) the Chapter 13 Case was not filed in bad faith when it followed the Chapter 7 Case; (6) the proposed chapter 13

7

plan and the need for discharge were not shams; and (7) Mr. Koebel's positions were meritorious and he did not make any false or misleading statements.

On January 20, 2016, a three-judge panel of bankruptcy judges from the Central District of California held a hearing regarding the suggested disciplinary action against Mr. Koebel. See United States Bankruptcy Court for the Central District of California Fourth Amended General Order 96-05. By order ("Disciplinary Order") entered May 17, 2016, the disciplinary panel held that: (1) Mr. Koebel shall be suspended from filing any new case or proceeding before the United States Bankruptcy Court for the Central District of California for a period of 180 days from the entry of the order, followed by a probation period of four and a half years; (2) as a condition to filing any new case following the suspension period, Mr. Koebel shall file a declaration confirming that he has paid the outstanding sanctions against him; (3) if the court sanctions Mr. Koebel in an amount of $1,000 or greater during the suspension or probation periods, Mr. Koebel shall be suspended from all practice before the bankruptcy court for the remainder of the suspension and probation periods; (4) the Office of the United States Trustee shall monitor Mr. Koebel's compliance; and (5) Mr. Koebel shall complete four hours of legal ethics training.

Mr. Koebel timely appealed the Disciplinary Order.

## JURISDICTION

The bankruptcy disciplinary panel had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(A). See In re Brooks-Hamilton, 400 B.R. 238, 244-45 (9th Cir. BAP 2009).

8

We have jurisdiction under 28 U.S.C. § 158. See In re Disciplinary Proceeding of Greenfield, BAP No. CC-13-1006-KiTaKu, 2013 WL 5525738, at *7 (9th Cir. BAP Oct. 1, 2013); In re Brooks-Hamilton, 400 B.R. at 245.

**ISSUE**

Whether the bankruptcy disciplinary panel erred in disciplining Mr. Koebel by suspending him for 180 days and placing him on probation for four and a half years.

**STANDARD OF REVIEW**

We review sanctions and the terms of a disciplinary order for abuse of discretion. Similarly, the bankruptcy court's choice of sanction is reviewed for abuse of discretion. In re Nguyen, 447 B.R. 268, 276 (9th Cir. BAP 2011) (citations omitted). Accordingly, we reverse only where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible, or without support in inferences that may be drawn from the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**DISCUSSION**

**A. Mr. Koebel's brief on appeal is woefully deficient and fails to comply with the applicable rules.**

Mr. Koebel's opening brief is facially deficient and flouts even the most basic rules for appellate briefs.

It does not contain a statement of issues on appeal, table of contents, table of authorities, jurisdictional statement, factual background, or even a discussion of the disciplinary board's asserted errors. See Rule 8014(a). Instead of actually bothering to state any relevant argument on appeal, Mr. Koebel

9

directs us to review dozens of documents in his excerpts of record with the cavalier claim that he incorporates them all by reference. He even purports to incorporate by reference over twenty documents (and the entire excerpt of record filed in the Related Appeals) and "any and all arguments already raised **and those not yet raised.**" (Emphasis added.)

Such a deficient brief – particularly when submitted by a licensed attorney - demonstrates a lack of respect for the judicial process and carelessness or indifference toward the preparation of this appeal. We could strike the opening brief and dismiss the appeal or summarily affirm. See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190 (9th Cir. 2003) (holding that the BAP did not abuse its discretion in employing summary affirmance as a sanction for appellant's failure to include a statement of appellate jurisdiction, an intelligible statement of the issues presented, a statement of the case, and citations to the authorities, statutes, and parts of the record relied upon); N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) (dismissing the appeal for failure to include a statement of the standard of review and citations to the record and for exceeding the page and word limit).

As discussed below, even considering the scant arguments raised in the opening brief, we do not find any merit in Mr. Koebel's appeal.

**B. Mr. Koebel fails to identify or establish any error in the Disciplinary Order.**

Our attempt to review the merits of Mr. Koebel's appeal of the disciplinary panel's decision is futile, not only for the

10

reasons stated above, but because Mr. Koebel neglects to actually argue any error.

Normally, "[i]n reviewing attorney disciplinary sanctions we determine whether (1) the disciplinary proceeding is fair, (2) the evidence supports the findings, and (3) the penalty imposed was reasonable." In re Nguyen, 447 B.R. at 276. Mr. Koebel does not address the Disciplinary Order in any meaningful way, but instead focuses almost exclusively on why the bankruptcy court should not have dismissed the Chapter 13 Case or sanctioned him. However, the Panel has already decided those issues in the Related Appeals when it affirmed the bankruptcy court's dismissal order and sanctions order. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1392 (9th Cir. 1995) ("Under law of the case doctrine, however, one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case.").

Mr. Koebel conceded at oral argument that his arguments in this appeal were the same as those that the Panel rejected in the Related Appeals and that the October 5 decision is binding in this appeal. He admitted that he left himself "defenseless" by neglecting to address the Disciplinary Order against him and instead only focusing on the dismissal of the Chapter 13 Case.[4]

---

[4] Mr. Koebel implied at oral argument that he already knew that the members of this Panel would rule against him because one of the panel members was on the BAP panel that considered the Related Appeals. As a member of this Panel informed Mr. Koebel, the panel members consider each appeal on its own merits and without any preconceived bias. But because Mr. Koebel chose to leave himself "defenseless" and not address the Disciplinary
(continued...)

Mr. Koebel only refers to the disciplinary panel in one sentence at the end of his opening brief. He does not point to any error or offer any legal analysis of the Disciplinary Order. We will not review arguments on appeal that are not distinctly argued or supported by the record, nor will we comb through the dozens of documents "incorporated by reference" to make Mr. Koebel's arguments for him. See <u>Christian Legal Soc. Chapter of Univ. of Cal. v. Wu</u>, 626 F.3d 483, 487 (9th Cir. 2010) (an appellate court "won't consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

If anything, Mr. Koebel's cavalier approach to this appeal confirms that the disciplinary panel was right.

**CONCLUSION**

For the reasons set forth above, we find no error with the Disciplinary Order. Accordingly, we AFFIRM.

---

[4](...continued)
Order, he virtually ensured that we would affirm the Disciplinary Order.