MEMORANDUM ***
Plaintiffs Kevin Do, Lue Lee, Tata In-sixiengmay-Tran, and Polly Luangaphay appeal the district court’s order dismissing their second amended class action complaint against Defendant First Financial Security, Inc. (First Financial) with prejudice for failure to establish subject-matter jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings with instructions to grant Plaintiffs leave to amend.
1. The district court did not err by dismissing the complaint for failure to satisfy CAFA’s amount-in-controversy requirement. As the district court correctly held, the complaint made no allegations connecting the withheld commissions for Gilíes Moua’s sales network to the claims of the individual class members. See 28 U.S.C. § 1332(d)(6) (requiring the party invoking subject-matter jurisdiction under CAFA to establish that the aggregate “claims of the individual class members ... exceed[ ] the sum or value of $5,000,000, exclusive of interest and costs”).
2. The district court abused its discretion by denying Plaintiffs leave to amend, for three reasons.
First, amendment is not futile. In general, “[dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.” Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The record suggests that, if given leave to amend, Plaintiffs could plausibly allege that (1) there were approximately 360 sales contractors within Moua’s sales network who were eligible to receive commissions; (2) the withheld commissions to these 360 sales contractors exceed $12 million; (3) these 360 sales contractors are the same sales contractors as the approximately 360 individual class members in this action; and (4) therefore, the withheld commissions for the individual class members exceed $12 million. If .true, these allegations would satisfy CAFA’s amount-in-controversy requirement.
Second, the district court dismissed the complaint sua sponte ón two grounds not raised by First Financial: (1) Plaintiffs’ amount-in-controversy allegations were facially deficient, and (2) Plaintiffs’ class action allegations failed to satisfy Local Rule 23-2.2’s class definition pleading requirements. Because neither ground was raised by First Financial, the ■ district court should have provided Plaintiffs with leave to amend to correct the alleged deficiencies in their amount-in-controversy and class action allegations. See Jewel v. NSA, 673 F.3d 902, 907 n.3 (9th Cir. 2011) (holding that the district court erred in denying leave to amend where it “sua sponte dismissed the complaint on standing grounds” without providing the plaintiff with “an opportunity to remedy any perceived defects in the complaint” (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1034 (9th Cir. 2008))).
Thud, and relatedly, the district court appears to have erred in holding that *484 Plaintiffs’ class action allegations failed to satisfy Local Rule 23-2.2’s class definition pleading requirements. See United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (holding that the district court abuses its discretion when it commits legal error). Regarding class definitions, Local Rule 23-2.2 requires only that class action plaintiffs allege “[t]he definition of the proposed class” and “[t]he size (or approximate size) of the proposed class.” C.D. Cal. L.R. 23-2.2(a)-(b). Plaintiffs alleged that their class action consisted of former First Financial sales contractors who resigned from the company on and after May 10, 2014, including one subclass consisting of approximately 260 sales contractors who entered into and performed their employment contracts within California, and a second subclass consisting of approximately 100 sales contractors who entered into and performed their employment contracts outside California. These allegations appear sufficient to satisfy Local Rule 23-2.2’s class definition pleading requirements.
In determining that the district court erred by denying leave to amend, we reject First Financial’s argument that Plaintiffs “repeatedly” failed to allege subject-matter jurisdiction. Plaintiffs filed only two complaints attempting to allege subject-matter jurisdiction under CAFA, and, as explained above, the district court dismissed the second of these two complaints sua sponte on grounds not raised by First Financial. Plaintiffs appear able to cure the deficiencies identified in one of these grounds, and the other ground appears to be legally erroneous. Plaintiffs are therefore entitled to leave to amend.
3. We decline to summarily affirm the district court based on Plaintiffs’ alleged failure to prepare an adequate record on appeal. Even assuming that Plaintiffs’ record was inadequate under the Ninth Circuit rules, the minor violation is insufficient to satisfy our court’s high bar for summary affirmance. See In re O’Brien, 312 F.3d 1135, 1136-37 (9th Cir. 2002) (summarily dismissing appeal when the appellant’s violations of the Federal Rules of Appellate Procedure and the Ninth Circuit rules were “legion” (quoting N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997))).
Each party shall bear its own costs.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This Disposition Is Not Appropriate for Publication and Is Not Precedent Except as Provided By Ninth Circuit Rule 36-3.