NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIRGINIA "VICKY" ZARAGOZA, an individual; F.C., a minor, by and through her Guardian Ad Litem, Gilbert Zaragoza, an individual; L.S.C., a minor, by and through her Guardian Ad Litem, Nancy Gonzalez an individual,

Plaintiffs - Appellants,

v.

COUNTY OF RIVERSIDE, a municipal entity; Deputy DAVID ANDERSON, #5097; DOES, 2-10, Inclusive,

Defendants - Appellees.

No. 24-1804

D.C. No.
5:20-cv-01381-SSS-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted July 18, 2025[**]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Family members of decedent Andrew Cuevas ("Plaintiffs") sued Defendants Riverside County and Riverside County Sheriff's Department Deputy David Anderson, bringing various constitutional, statutory, and tort claims under 42 U.S.C. § 1983 based on the fatal shooting of Cuevas by Deputy Anderson. Following trial, the jury returned a verdict in Defendants' favor. Plaintiffs moved for judgment notwithstanding the verdict, and alternatively, a new trial. The district court denied both. We affirm.[1]

1.      We review a district court's application of its local rules for abuse of discretion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). The district court did not abuse its discretion in deciding that Plaintiffs did not fully comply with Central District of California Local Rule 7-3—the meet-and-confer rule—because they did not allow the full seven days to ensue before filing their motions. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). And while the local rules

---

[1] Plaintiffs' briefing fails to comply with both the Federal Rules of Appellate Procedure and our rules because many of the factual assertions in the brief are not supported by citations to the record. Fed. R. App. P. 28(a)(6), (e); 9th Cir. R. 28-2.8 ("Every assertion in the briefs regarding matters in the record, except for undisputed facts offered only for general background, shall be supported by a citation to the Excerpts of Record . . . ."). While those failures could warrant outright dismissal, *see N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) (striking appellant's deficient briefs and dismissing appeal), we nevertheless consider Plaintiffs' appeal.

violation is a sufficient ground for denying both post-trial motions, like the district court, we also hold that the motions fail on their own terms.

2.    Although Plaintiffs moved for judgment notwithstanding the verdict, in keeping with modern practice we construe the motion, as the district court did, as a motion for judgment as a matter of law. We review the denial of a motion for judgment as a matter of law de novo. *Rivero v. City and County of San Francisco,* 316 F.3d 857, 863 (9th Cir. 2002). The district court did not err in deciding that, because Plaintiffs did not make a pre-verdict Rule 50(a) motion, they cannot raise post-trial sufficiency-of-the-evidence arguments in the form of a Rule 50(b) motion. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (holding that a party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise in its pre-verdict Rule 50(a) motion) (citation omitted).

3.    A district court's ruling on a motion for a new trial, and its objected-to evidentiary rulings at trial, are reviewed for an abuse of discretion. *See Flores v. City of Westminster*, 873 F.3d 739, 755–56 (9th Cir. 2017) (motion for new trial); *Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (2009) (evidentiary rulings). Non-objected-to evidentiary rulings are reviewed for plain error. *Lam v. City of Los Banos*, 976 F.3d 986, 1006 (9th Cir. 2020) (citation omitted).

The district court did not abuse its discretion in finding that the evidence of Cuevas's prior interaction with law enforcement was relevant to prove he had the

same intent and motive but a different plan on the day he was killed by Deputy Anderson. *See Boyd*, 576 F.3d at 942–43 (relying on Fed. R. Evid. 403, 404(b)). The district court did not abuse its discretion in admitting the testimony of Dr. Bennett Omalu and Melissa Fernandez. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590, 592 (1993) (discussing the stringent requirements for admission of expert testimony under Rule 702). Nor did it abuse its discretion in allowing Defendants to present evidence related to an enhanced surveillance video because they laid the proper foundation for the evidence's admission and reliance. *See* Fed. R. Evid. 104, 901. And the district court did not plainly err in allowing testimony about Cuevas's prior intoxication as relevant, *see* Fed. R. Evid. 402, and not unduly prejudicial under Rule 403.

**AFFIRMED.**