**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SWEENEY GILLETTE; KENDRA GILLETTE; RICHARD HOYT, <br><br>       Plaintiffs-Appellants, <br><br>   v. <br><br> MALHEUR COUNTY; ROBERT SPEELMAN; LYNN GIBSON; DAWN SCHOOLEY; LARRY HAYHURST; JACK NOBLE; RODGER HUFFMAN; GREG ROMANS; BRIAN WOLFE, Sheriff; TRAVIS JOHNSON; BOB WROTEN; BILL BARTON, Dr.; JEFF ANDERSON; 6 UNKNOWN JANE DOES; 6 UNKNOWN JOHN DOES, <br><br>       Defendants-Appellees. | No.   16-35518 <br><br> D.C. No. CV 14-1542 MHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 17, 2018[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:      TASHIMA, McKEOWN, and PAEZ, Circuit Judges.

Plaintiffs-Appellants Sweeney and Kendra Gillette, and Richard Hoyt ("Plaintiffs") appeal the dismissal with prejudice of their 42 U.S.C. § 1983 and *Bivens* claims[1] against state and federal officials.  Plaintiffs asserted nine claims, stemming from alleged abuses committed during an investigation of  Plaintiffs' cattle business.  Defendants moved to dismiss under Federal Rules of Civil Procedure 8 and  12(b)(6).   A magistrate judge recommended dismissing all of the claims with prejudice pursuant to Rule 12(b)(6).  The district court agreed, adopting the magistrate judge's findings and recommendation, and  dismissed all claims with prejudice

Plaintiffs appeal only the dismissal of four of their original claims. Specifically, Plaintiffs contend that the district court erred in dismissing their (1) Fourth Amendment; (2) Fifth and Fourteenth Amendment; (3) conspiracy; and (4) supervisory liability claims.  Additionally, Plaintiffs ask this Court to reverse the district court's denial of leave to amend.

We review the district court's dismissal for failure to state a claim de novo, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011),

---

[1]      *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

and the denial of leave to amend for abuse of discretion, *see AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

We affirm. Although we could dismiss the appeal for failure to comply with Federal Rule of Appellate Procedure ("FRAP") 28, we nonetheless have reviewed Plaintiffs' Second Amended Complaint on the merits and are satisfied that the district court did not err in dismissing Plaintiffs' claims with prejudice.

1. FRAP 28 mandates that an appellant's opening brief must include, among other things, "a concise statement of the case setting out the facts relevant to the issues submitted for review," "a summary of the argument," and "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies." Fed. R. App. P. 28(a)(6), (7), & (8)(A). Further, this Court's rules state that "[b]riefs not complying with FRAP and these rules may be stricken by the Court." 9th Cir. R. 28-1(a). "In order to give fair consideration to those who call upon us for justice, we must insist that parties not clog the system by presenting us with a slubby mass of words rather than a true brief." *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

Plaintiffs' opening brief plainly fails to meet the minimum standards under FRAP 28 for at least three reasons.[2]  First, Plaintiffs' "statement of the case" does not provide any facts on which Plaintiffs' lawsuit is based; instead it merely outlines the procedural posture of the case.  *See* Fed. R. App. P. 28(a)(6).  Second, Plaintiffs do not include a summary of their argument.  *See id.* R. 28(a)(7).  Third, and most importantly, Plaintiffs' argument section is nothing more than bare assertions and unexplained citations to the Second Amended Complaint and a Proposed Third Amended Complaint.[3]  *See id.* R. 28(a)(8)(A); *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam).  Although we may strike Plaintiffs' opening brief and dismiss the appeal, *id.*, out of an abundance of caution we proceed to the merits.

**2(a)**  Plaintiffs' Fourth Amendment claims fail because they have pointed to no law suggesting that shaving cattle for the purpose of brand inspection is an unreasonable search or seizure.  Further, Plaintiffs have not alleged that Defendants' involvement in the bank's repossession of Plaintiffs' property rose to

---

[2]  Plaintiffs did not file a reply brief.

[3]  As the Proposed Third Amended Complaint was never filed or lodged in the district court, we do not rely on it here because it is not part of the appellate record.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990); *see also* Fed. R. App. P. 10(a)(1).  Plaintiffs' motion to accept brief with an exhibit [Dkt. 17] is denied insofar as it seeks to have the Proposed Third Amended Complaint filed.

the level of state action. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981).

**(b)** Plaintiffs' Fifth and Fourteenth Amendment deprivation of property allegations also fail to state a claim. Plaintiffs argue that Defendants violated the Fifth and Fourteenth Amendments by harming the cattle and by defaming Plaintiffs. As to the first contention, Plaintiffs provide conclusions rather than facts. As to the second, Plaintiffs have not alleged that the defamation harmed them beyond damage to their reputation; this is insufficient under the "stigma plus" test. *See Paul v. Davis*, 424 U.S. 693, 711–12 (1976).

**(c)** As to their conspiracy claim, Plaintiffs provide no facts to support their allegations that Defendants *agreed* to deprive Plaintiffs of their rights. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).

**(d)** Finally, as to supervisory liability, Plaintiffs must show (1) that the subordinates violated their constitutional rights and, (2) that the supervisor knew about the violations and failed to prevent them. *See Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007). Plaintiffs have not met either element. Sheriff Wolfe being aware of potential tort violations is a far cry from knowing about constitutional violations and failing to prevent them.

5

**3.** The district court did not abuse its discretion in denying leave to amend because Plaintiffs were on notice about deficiencies in their complaints and had multiple opportunities to cure them. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Additionally, the district court's concerns that Plaintiffs were acting in bad faith were justified and further reinforce the decision to dismiss with prejudice. *Id.*

·  ●  ·

The judgment of the district court is

**AFFIRMED.**